**UNITED STATES of America, Appellee,**

v.

**Charles C. STARR, also known as Luther Kinsey, also known as Curtis Lang, also known as Tony Cash, also known as Tom Taft, Appellant.**

No. 92–2558.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1993.

Decided Feb. 24, 1993.

R. Thomas Day of St. Louis, MO, for appellant.

Frederick J. Dana, Asst. U.S. Atty., St. Louis, MO, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

PER CURIAM.

After Charles C. Starr pleaded guilty to defrauding a bank in violation of 18 U.S.C. § 1344, the district court sentenced him to imprisonment for 19 months. Starr appeals his sentence. We affirm in part, reverse in part, and remand for resentencing.

Starr's bank fraud conviction was based on the following facts. Using the alias W. Luther Kinsey, Starr presented documents signed by the executive director of the American Veterans Assistance Corporation (AVAC) to Mercantile Bank and opened an account in the name of an AVAC subsidiary, the Veteran's Wish Foundation (VWF), which is an authentic charitable organization. About six months later, an account was opened at Community Bank in the name of Curtis Lang, another alias Starr used. A check drawn on the Mercantile Bank account was then deposited into the Community Bank account. This check, however, was returned to Community Bank because the Mercantile Bank account had been closed. Because Community Bank had honored the check, the bank lost about $750 as a result of Starr's conduct. Although the parties stipulated to this version of events, the government conceded that with the exception of the $750 loss to Community Bank, other losses calculated in the presentence report (PSR) based on Starr's similar criminal activities were not "presently readily provable."

On appeal, Starr argues that because he was convicted of only one count of bank fraud, the district court improperly increased his offense level under U.S.S.G. § 2F1.1(b)(2) for more than minimal planning or defrauding more than one victim. Starr also argues the district court improperly increased his offense level under

U.S.S.G. § 2F1.1(b)(3)(A) because his offense did not involve a misrepresentation that he was acting on behalf of a charitable organization. Starr argues the evidence showed he had entered into a valid contract to solicit funds for the VWF, and the only fraud involved a misrepresentation that he had a valid Mercantile Bank account with sufficient funds to cover the check drawn on that account. The government argues that, when considering both the conduct described in the count of conviction and all other relevant conduct described in the PSR, the district court properly increased Starr's sentence. The government asserts Starr waived any objection he had to the relevant conduct described in the PSR by failing to object at his sentencing hearing.

■ In deciding a defendant's base offense level and specific offense characteristics under the Guidelines, a sentencing court considers all "acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2) (defining relevant conduct). The government has the burden of proving relevant conduct with reliable evidence. *United States v. Wise*, 976 F.2d 393, 402–03 (8th Cir.1992) (en banc), *petition for cert. filed*, 61 U.S.L.W. 2192 (U.S. Dec. 15, 1992) (No. 92–6960). Here, the PSR included several allegations of fraudulent conduct that, if proven, would most likely have been considered part of the same course of conduct or common scheme or plan as the bank fraud charge to which Starr pleaded guilty. The government, however, did not attempt to prove Starr's other criminal conduct at the sentencing hearing. We reject the government's assertion that Starr waived his objections to the PSR's allegations by failing to raise them at sentencing. Starr objected to the increases in his offense level under sections 2F1.1(b)(2) and 2F1.1(b)(3)(A). The government had the burden of proving these increases, *United States v. Dinges*, 917 F.2d 1133, 1135 (8th Cir.1990), and if it believed the increases were justified based on relevant conduct, it had the burden of proving that conduct. Further, because the government conceded before sentencing that it could prove no losses beyond those resulting from the offense of conviction, it was reasonable for Starr's attorney to assume the government would not attempt to prove the PSR's allegations of criminal conduct other than the conduct involved in the offense of conviction. The government failed to dispute this assumption even though it had a chance to do so.

■ Considering only the conduct relating to the count of conviction, we conclude the district court did not commit clear error in increasing Starr's sentence under U.S.S.G. § 2F1.1(b)(2). *United States v. Lublin*, 981 F.2d 367, 370 (8th Cir.1992) (whether defendant engaged in more than minimal planning is factual finding reversible only for clear error). Although the PSR identifies Community Bank as the only entity that incurred a monetary loss from the offense, the record supports a finding that the offense involved more than minimal planning. The Guidelines define "more than minimal planning" as "more planning than is typical for commission of the offense in a simple form." U.S.S.G. § 1B1.1 commentary n. 1(f). This case involved more than simply writing a check on a closed account. Starr opened the account at Mercantile Bank using an alias, then closed it six months later. The following month Starr opened an account at Community Bank using a different alias, and later directed an acquaintance to deposit the check drawn on the closed Mercantile account into the Community account. Community Bank honored the bad check and thus suffered a loss.

Because the government did not show Starr misrepresented that he was acting on behalf of a charitable organization, however, the government failed to justify an increase under U.S.S.G. § 2F1.1(b)(3)(A). *See Dinges*, 917 F.2d at 1135. At Starr's sentencing, the parties agreed a VWF agent would testify that a few months before Starr's offense, the agent entered into a one-year contract with William Kinsey—an individual he never met—to solicit funds for VWF. The government introduced no contrary evidence at the sentencing hearing. Thus, the government failed affirma-

tively to show Starr lacked authority to act on VWF's behalf at the time of the offense.

Accordingly, we affirm the increase under section 2F1.1(b)(2), reverse the increase under section 2F1.1(b)(3)(A), and remand to the district court for resentencing within the proper Guidelines range of 9 to 15 months.