81 F.3d 166
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Randall Edward SCHUSTER, Appellant.
 No. 95-4049SI
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 4, 1996.
Filed: April 9, 1996.
 
 Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Randall Edward Schuster made an unauthorized copy of his employer's customer database and attempted to sell the database to a competitor. Following his arrest, Schuster pleaded guilty to mail fraud. At sentencing, the district court assessed a two-level enhancement because Schuster engaged in more than minimal planning and sentenced Schuster to four months imprisonment, four months home confinement, and two years supervised release. Schuster appeals, and we affirm.
 
 
 2
 The Guidelines provide for a two-level increase in fraud cases if the offense involved more than minimal planning. U.S.S.G. § 2F1.1(b)(2)(A) (1995). " 'More than minimal planning' means more planning than is typical for the commission of the offense in a simple form" and is deemed present "in any case involving repeated acts over a period of time." U.S.S.G. § 1B1.1 n. 1(f) (1995). Here, the record shows Schuster planned what he was going to do and took distinct affirmative steps over time in furtherance of the crime: Schuster formed the intent to steal his employer's database, accessed and stole the database, evaluated the database and decided it would be valuable to a competitor, researched the competitors, contacted at least two potential buyers, mailed a portion of the database to a competitor, and negotiated the final sale of the database. Accordingly, we cannot say the district court's finding that Schuster engaged in more than minimal planning was clearly erroneous. See United States v. Starr, 986 F.2d 281, 282 (8th Cir.1993) (standard of review); United States v. Barndt, 913 F.2d 201, 204 (5th Cir.1990) (district court did not clearly err in assessing more-than-minimal-planning enhancement where defendant formed intent to steal government property, stole property, sought buyers, transported property to buyer, and sold property).
 
 
 3
 We thus affirm Schuster's sentence.