131 F.3d 144
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Kenneth Wayne SMITH, Appellant.
 No. 97-2793.
 United States Court of Appeals, Eighth Circuit.
 Nov. 6, 1997.
 
 Appeal from the United States District Court for the Western District of Missouri.
 Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kenneth Wayne Smith appeals from the final judgment entered in the District Court[1] for the Western District of Missouri after Smith pleaded guilty to three counts of altering odometer readings, in violation of 49 U.S.C. § 32703(2). The district court imposed three concurrent sentences of 18 months in prison and one year supervised release. Smith now challenges his sentences, arguing that the district court erred in applying an enhancement for more than minimal planning pursuant to U.S. Sentencing Guidelines Manual § 2F1.1(b)(2) (1995).
 
 
 2
 We conclude the district court did not clearly err in assessing the enhancement, because it was undisputed that, over a period of several months, Smith had altered odometer readings on nineteen vehicles. See id. § 1B1.1, comment. (n. 1(f)) (more than minimal planning deemed present in any case involving repeated acts over period of time, unless it is clear each instance was purely opportune), .3(a) (court to consider all acts committed by defendant); United States v. Sykes, 4 F.3d 697, 699-700 (8th Cir.1993) (per curiam) (repetitive nature of criminal conduct, alone, may warrant increase). Moreover, it was undisputed that after Smith altered the odometers, he instructed another individual to sell the vehicles at auctions using the names of sales companies with which he had no affiliation. Cf. United States v. Gjerde, 110 F.3d 595, 604-05 (8th Cir.) (more than minimal planning where defendant's scheme to fraudulently obtain loan involved approving loan, placing hold on accounts, and misrepresenting financing and purchase of equipment), petition for cert. filed, 66 U.S.L.W. 3157 (U.S. Aug. 11, 1997) (No. 97-265); United States v. Starr, 986 F.2d 281, 282 (8th Cir.1993) (per curiam) (bank fraud involved more than minimal planning where defendant opened one account using alias, but closed it six months later; later opened account at different bank using different alias; and then directed acquaintance to deposit check written on closed account into other account).
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri