**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2793

_____

United States of America,　　*
　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　* Appeal　from　the　United
States
　　　v.　　　　　　　　　　* District Court for the
　　　　　　　　　　　　　　　* Western　District　of
Missouri
Kenneth Wayne Smith,　　　　*
　　　　　　　　　　　　　　　*　　　　[UNPUBLISHED]
　　　　　Appellant.　　　　　*

_____

　　　　　　　　　　　　　Submitted:　November 6, 1997
　　　　　　　　　　　　　　　　Filed:

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.


　　Kenneth Wayne Smith appeals from the final judgment
entered in the District Court[1] for the Western District of
Missouri after Smith pleaded guilty to three counts of
altering odometer readings, in violation of 49 U.S.C.
§ 32703(2).  The district court imposed three concurrent
sentences of 18 months in prison and one year supervised

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western
District of Missouri.

release.  Smith now challenges his sentences, arguing that the district court erred in

applying an enhancement for more than minimal planning pursuant to U.S. Sentencing Guidelines Manual § 2F1.1(b)(2) (1995).

We conclude the district court did not clearly err in assessing the enhancement, because it was undisputed that, over a period of several months, Smith had altered odometer readings on nineteen vehicles. See id. § 1B1.1, comment. (n.1(f)) (more than minimal planning deemed present in any case involving repeated acts over period of time, unless it is clear each instance was purely opportune), .3(a) (court to consider all acts committed by defendant); United States v. Sykes, 4 F.3d 697, 699-700 (8th Cir. 1993) (per curiam) (repetitive nature of criminal conduct, alone, may warrant increase). Moreover, it was undisputed that after Smith altered the odometers, he instructed another individual to sell the vehicles at auctions using the names of sales companies with which he had no affiliation. Cf. United States v. Gjerde, 110 F.3d 595, 604-05 (8th Cir.) (more than minimal planning where defendant's scheme to fraudulently obtain loan involved approving loan, placing hold on accounts, and misrepresenting financing and purchase of equipment), petition for cert. filed, 66 U.S.L.W. 3157 (U.S. Aug. 11, 1997) (No. 97-265); United States v. Starr, 986 F.2d 281, 282 (8th Cir. 1993) (per curiam) (bank fraud involved more than minimal planning where defendant opened one account using alias, but closed it six months later; later opened account at different bank using different alias; and then directed acquaintance to deposit check written on closed account into other account).

Accordingly, we affirm.

A true copy.

    Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.