UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4394

ROBERT I. MAHER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CR-97-1)

Submitted: September 29, 1998

Decided: October 29, 1998

Before WIDENER and MURNAGHAN, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy Stephen Coyne, FOWLER, GRIFFIN, COYNE & COYNE,
P.C., Winchester, Virginia, for Appellant. Robert P. Crouch, Jr.,
United States Attorney, Jean Barrett Hudson, Assistant United States
Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert I. Maher ("Maher") pled guilty to bank fraud, in violation of 18 U.S.C. § 1344 (1994). The district court sentenced him to thirteen months imprisonment, but stayed the execution of the sentence pending resolution of this appeal. Maher contends that the district court incorrectly enhanced his base offense level pursuant to U.S. Sentencing Guidelines Manual § 2F1.1(b)(3)(A) (1997) for misrepresenting that he acted "on behalf of" an educational organization. Because we hold that Maher's writing of fictitious checks on the bank accounts of the educational organizations constitutes conduct which falls within the scope of § 2F1.1(b)(3)(A), we affirm.

Maher is the founder of the American Blue and Gray Association ("ABGA"), a 1,100 member national organization which sponsors seminars on the Civil War. In 1991, he opened a checking account in ABGA's name at the Bank of Clarke County in Berryville, Virginia. Maher was authorized to write checks on that account.

In 1994, Maher formed the Civil War Educational Association ("CWEA") to act as a co-sponsor of ABGA events. He established a checking account in the name of CWEA at Farmers & Mechanics ("F&M") Bank in Winchester, Virginia. Maher was authorized to write checks on that account as well.

In early 1995, Maher lost approximately $14,000 conducting a Civil War symposium in Arlington, Virginia. To cover this loss, Maher began writing checks back and forth between the ABGA and CWEA accounts to inflate the balances in those accounts. Between April and July 1995, Maher wrote ninety-three checks on the CWEA account at the F&M Bank, and seventy-nine checks on the ABGA account at the Bank of Clarke County. As a result of this "check-kiting" scheme, which eventually collapsed, the Bank of Clarke County suffered a loss of $37,157.47.

Maher pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 (1994). At sentencing, the district court enhanced Maher's base offense level by two pursuant to § 2F1.1(b)(3)(A), and sentenced him to thirteen months imprisonment. The district court stayed execution of Maher's sentence pending resolution of this appeal.

Section 2F1.1(b)(3)(A) provides for a two level increase "[i]f the offense involved . . . a misrepresentation that the defendant was acting on behalf of a charitable, educational, religious or political organization, or a government agency . . . ."[1] The Commentary to § 2F1.1 provides the following examples of conduct to which this enhancement applies:

> a group of defendants who solicit contributions to a non-existent famine relief organization by mail, a defendant who diverts donations for a religiously affiliated school by telephone solicitations to church members in which the defendant falsely claims to be a fund-raiser for the school, or a defendant who poses as a federal collection agent in order to collect a delinquent student loan.[2]

In addition, the Background to § 2F1.1 states that, "[u]se of false pretenses involving charitable causes and government agencies enhances the sentences of defendants who take advantage of victims' trust in government or law enforcement agencies or their generosity and charitable motives."[3] Maher asserts that, read together, the guideline, commentary, and background indicate that the enhancement is only applicable to situations in which a defendant: (1) misrepresents his own authority to act on behalf of a particular organization, (2) in order to take advantage of a victim's trust in government or charitable motives. He claims that, in the instant case, the district court erred in applying the enhancement because he did not misrepresent his authority to act on behalf of the educational organizations and did not exploit the generosity and charitable motives of the bank or undermine confidence in government.

---

[1] USSG § 2F1.1(b)(3)(A).
[2] USSG § 2F1.1, comment. (n.4).
[3] USSG § 2F1.1, comment. (backg'd).

3

Maher relies on the Tenth Circuit's decision in United States v. **Frazier**.[4] In Frazier, the Tenth Circuit held that:

> the conduct intended to fall within the scope of[§ 2F1.1] is exploitative conduct which induces victims to act upon their charitable or trusting impulses due to the defendant's misrepresentation that he has authority to act on behalf of a charitable, educational, religious or political organization or a government agency.[5]

This reading of § 2F1.1 requires both a misrepresentation of the defendant's authority to act and exploitation of a victim's charitable or trusting impulses.

This circuit, however, has not interpreted § 2F1.1 in such a narrow fashion. In United States v. Achiekwelu, [6] the defendant was involved in a fraudulent scheme; an essential element of the scheme was the defendant's misrepresentation that he worked for the Nigerian Finance Ministry. The issue before this court was whether a § 2F1.1(b)(3)(A) enhancement applied to a defendant who misrepresented that he acted on behalf of a foreign government. We held that the enhancement applied. Similarly, in United States v. Marcum,[7] the defendant was a deputy sheriff and president of the Logan County Deputy Sheriff's Association ("LCDSA"), a charitable organization which administered public bingo games. The defendant"skimmed" ten percent of the proceeds from the bingo games, distributing the money to deputies who worked the games, including himself. We upheld the two level enhancement under § 2F1.1(b)(3)(A), stating that the defendant "misrepresented to the public that he was conducting the bingo games wholly on behalf of the LCDSA," when, in fact, "he was acting in part for himself and his fellow deputies."[8]

Achiekwelu and Marcum make two points clear. First, if a defen-

_____

[4] 53 F.3d 1105 (10th Cir. 1995).
[5] **Frazier**, 53 F.3d at 1113.
[6] 112 F.3d 747 (4th Cir. 1997).
[7] 16 F.3d 599 (4th Cir. 1994).
[8] **Marcum**, 16 F.3d at 603.

4

dant misrepresents his authority to act on behalf of a particular organization, as in Achiekwelu, then an enhancement under § 2F1.1(b)(3)(A) is available. Second, a § 2F1.1(b)(3)(A) enhancement is available even if the defendant does not misrepresent his authority to act on behalf of a particular organization. Rather, if a defendant misrepresents that he is conducting an activity wholly on behalf of a particular organization, yet is actually acting for himself, as in Marcum, the enhancement is still proper.

Applying the principles set forth in Achiekwelu and Marcum to the facts in this case, we affirm the district court's application of the enhancement. Although Maher did not misrepresent his authority to act on behalf of the educational organizations because he had authority to write the checks, this fact alone is not dispositive. Rather, we find the circumstances in this case more akin to Marcum. The record indicates that Maher's writing of fictitious checks on the bank accounts of the educational organizations was for his personal interest. Therefore, he misrepresented to the bank that he was conducting these transactions wholly on behalf of ABGA and CWEA when he was acting in part for himself.

Maher seeks to distinguish Marcum. First, Maher emphasizes that Marcum involved misrepresentation to the public rather than a financial institution. However, we do not believe that such a distinction is warranted. Nothing in the guideline, commentary, or background to § 2F1.1(b)(3)(A) suggests that application of the enhancement is dependent upon who is the victim of the misrepresentation. Second, Maher argues that the defendant in Marcum took advantage of the generosity and charitable motives of the bingo playing public, while Maher did not make any misrepresentation designed to exploit the generosity and charitable motives of the banks. Once again, Maher's support appears to be the Tenth Circuit's decision in Frazier, which requires a showing of "exploitative conduct which induces victims to act upon their charitable or trusting impulses," [9] and the background to § 2F1.1, which states that "[u]se of false pretenses involving charitable causes and government agencies enhances the sentences of defendants who take advantage of victims' trust in government or law

_____

[9] Frazier, 53 F.3d at 1113.

5

enforcement agencies or their generosity and charitable motives."**10** However, this is a question we need not address, since our case law does not require such a finding in order to apply the enhancement. Rather an enhancement pursuant to § 2F1.1(b)(3)(A) is appropriate if a defendant misrepresents his authority to act on behalf of a particular organization <u>or</u> a defendant misrepresents that he is conducting an activity wholly on behalf of a particular organization, yet is really acting for himself. Because Maher falls into the latter category, the district court did not err.**11**

We affirm Maher's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**10** USSG § 2F1.1, comment. (backg'd).

**11** In further support of his argument, Maher discusses <u>United States v. Starr</u>, 986 F.2d 281 (8th Cir. 1993). In <u>Starr</u>, the Eighth Circuit held that, because the Government failed to show that the defendant misrepresented that he was acting on behalf of a charitable organization, an increase under § 2F1.1(b)(3)(A) was not appropriate. <u>See</u> 986 F.2d at 282-83. However, <u>Starr</u> lends no support for Maher's argument, because, as we have stated, it is not necessary for a defendant to have misrepresented that he had the authority to act for the enhancement to apply.

6