UNITED STATES of America, Appellee,

v.

**George Washington SYKES, Jr., Appellant.**

No. 93–2141.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1993.

Decided Sept. 15, 1993.

---

Gary L. Robinson, Cedar Rapids, IA, (Jeffrey P. Taylor on brief), for appellant.

Rodger E. Overholser, Cedar Rapids, IA, for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

George Washington Sykes, Jr., appeals his sentence of 27 months imposed by the district court[1] after Sykes pleaded guilty to one count of unlawfully possessing four checks which had previously been stolen from a postal vehicle, in violation of 18 U.S.C. §§ 1708, 2, and one count of computer access fraud for unauthorized use of an automatic teller machine card and personal identifica-tion number, in violation of 18 U.S.C. § 1030(a)(4), (b), and (c)(3)(A). We affirm.

The presentence investigation report (PSR) indicated for count one a base offense level of 4, and recommended a three-level increase under U.S.S.G. § 2B1.2(b)(1) be-cause of the amount of the loss, a two-level increase under U.S.S.G. § 2B1.2(b)(4)(B) be-cause the offense involved more than minimal planning, and a two-level increase under U.S.S.G. § 3C1.2 for reckless endangerment during flight, resulting in an adjusted offense level of 11. The PSR indicated for count two a base offense level of 6, and recommended a two-level increase under section 3C1.2 for reckless endangerment during flight, result-ing in an adjusted offense level of 8. As a result, the PSR indicated a combined adjust-ed offense level of 13, and recommended a two-level reduction for acceptance of respon-sibility under U.S.S.G. § 3E1.1, resulting in a total offense level of 11. With a criminal history category of IV, the Guidelines range was 18 to 24 months.

The parties stipulated that Sykes's crimi-nal history category would be IV. Sykes objected to the two-level increase for more than minimal planning and the two-level in-crease for reckless endangerment during flight. Sykes also suggested that the two counts should have been grouped, resulting in a two-level reduction. The government argued that there should be an additional two-level increase for obstruction of justice on count one because, while Sykes was in custody, but before his belongings were in-ventoried and seized by the officers, Sykes tore into small pieces the four stolen checks he had in his possession.

After a hearing, the district court deter-mined that count one required a base offense level of 4 and a three-level increase under section 2B1.2(b)(1) for the amount of the loss. The court also determined that the base of-fense level was subject to a two-level in-crease because the crime required more than minimal planning, to a two-level increase for obstruction of justice, and to a two-level in-crease for reckless endangerment during

1. The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

flight. The court adopted the recommended adjusted offense level contained in the PSR with respect to count two, concluded that the two crimes should not be grouped as related crimes under U.S.S.G. § 3D1.2(d), and as a result, arrived at a combined adjusted offense level of 14. With the two-level reduction for acceptance of responsibility, which the court reluctantly granted, the total offense level was 12. With a criminal history category of IV, the Guidelines range was 21 to 27 months. The court denied the government's motion for an upward departure under U.S.S.G. § 5K2.0 and then sentenced Sykes to 27 months, to be followed by a three-year term of supervised release. The court also ordered Sykes to pay a special assessment of $100.00 and restitution in the amount of $498.06.

Sykes now argues that the district court erred by (1) assessing a two-level obstruction-of-justice increase even though his actions did not constitute a material hinderance to an ongoing investigation; (2) finding that he had engaged in more than minimal planning; and (3) finding that a two-level increase for reckless endangerment during flight was warranted because he did not knowingly flee from law enforcement officials before his arrest.

■ We review de novo whether U.S.S.G. § 3C1.1 applies to specific conduct. *See United States v. Lamere*, 980 F.2d 506, 514 (8th Cir.1992). It is undisputed that Sykes tore the stolen checks into pieces while in the police car and the holding cell at the station. Section 3C1.1 provides that defendants who "attempt to obstruct or impede[ ] the administration of justice" shall have their offense levels increased by two levels. The commentary also provides that if the conduct attempting to obstruct or impede justice "occur[s] contemporaneously with arrest (*e.g.*, attempting to swallow or throw away a controlled substance), it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it resulted in a *material hinderance* to the official investigation or prosecution of the instant offense or the sentencing of the offender." U.S.S.G. § 3C1.1, comment. (n. 3(d)) (emphasis added). In *Lamere*, however, we limited the exception to

section 3C1.1 provided in note 3(d) "to include only conduct admitting a spontaneous or visceral or reflexive response occurring at the point arrest becomes imminent and to be further limited to only that evidence which is within the subject's control at or near the scene of the arrest." *Id.* at 515 n. 6.

We believe that the limited exception provided in note 3(d) does not apply to Sykes's conduct because it is undisputed that he tore up the checks after he was in custody and there is no evidence that his actions were spontaneous, visceral, or reflexive. But, even if Sykes's "conduct occurred contemporaneously with the arrest," the district court did not clearly err in determining that Sykes's conduct resulted in a "material hinderance to the official investigation" and in imposing the enhancement. The act of tearing up the checks resulted in "delay and expense" demonstrating obstruction of justice because investigators were forced to send the check pieces to a government crime laboratory to be reassembled. *See United States v. Penn*, 974 F.2d 1026, 1029–30 (8th Cir.1992).

■ We review the district court's finding that Sykes engaged in more than minimal planning for clear error, *see United States v. Wilson*, 955 F.2d 547, 550 (8th Cir.1992), and conclude that Sykes's argument that the district court erred by considering information in the PSR unrelated to the charges to which he pleaded guilty is meritless. District courts are permitted to consider "all acts . . . committed . . . by the defendant, or for which the defendants would be otherwise accountable," when making adjustments under Chapter Three of the Guidelines. U.S.S.G. § 1B1.3(a); *see also United States v. Williams*, 879 F.2d 454, 456–57 (8th Cir. 1989). " 'More than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune," U.S.S.G. 1B1.1, comment. (n. 1(f)), and "the repetitive nature of the criminal conduct, by itself, may warrant this adjustment." *Wilson*, 955 F.2d at 550. It is undisputed that Sykes forged his name on at least two checks and attempted to cash them, and that he was successful in cashing other stolen checks. As a result, the district court's deci-

sion to impose this enhancement was not clearly erroneous.

█ We also conclude that Sykes's argument that the district court erred by imposing a two-level increase for reckless endangerment during flight is meritless. Sykes contends that he did not knowingly flee from law enforcement officials and therefore U.S.S.G. § 3C1.2 is inapplicable. At the sentencing hearing, however, officer John Skoglund testified that he heard officer Marshall identify himself as a police officer after Skoglund and Marshall stopped behind Sykes's car, that a red rotating beacon was on the dash of the car while pursuing Sykes after he sped off, and that officers had to force Sykes off the road to apprehend him. The district court found that Skoglund's testimony was credible and that Sykes's testimony that "he was merely fleeing from an unidentified pair of individuals who he believed were out to harm him" was not credible. The court also found Skoglund's description of the chase "the more credible scenario." This court must accept a district court's findings of fact unless they are clearly erroneous, and "must affirm the sentence if it is determined that those facts were correctly applied to the Guidelines." *United States v. Brett,* 872 F.2d 1365, 1371 (8th Cir.), *cert. denied,* 493 U.S. 932, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989). Credibility determinations are "virtually unreviewable," *United States v. Adipietro,* 983 F.2d 1468, 1479 (8th Cir.1993), and "[w]here there are two permissible views of the evidence, the [district court's] choice between them cannot be clearly erroneous." *See Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). As a result, we conclude that the district court's decision to impose this enhancement was not clearly erroneous.

Accordingly, we affirm.