12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Edward Andrew FISCHELS, Appellant.
 No. 93-3093NI.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 28, 1993.
Filed: January 7, 1994.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After Edward Andrew Fischels pleaded guilty to distribution and possession with intent to distribute methamphetamine, the district court sentenced Fischels to 57 months in prison. Fischels appeals his sentence, and we affirm.
 
 
 2
 Fischels was charged with knowing distribution and possession with intent to distribute about 104.75 grams of methamphetamine. According to the presentence report (PSR), law enforcement officers monitored and supervised Patro Fleming's four controlled drug purchases from Fischels. Officers arrested Fischels at his residence in his girlfriend's presence. Fischels later called his girlfriend from jail and expressed concern about what police had seen at his residence. Fischels told his girlfriend to remove "stuff" from his safe if officers had not already removed it, and he began to give her the combination to the safe, but she got upset and ended the conversation. When officers executed a search warrant at Fischels's residence, they found $2000 and seven plastic bags containing 25.2 grams of marijuana in the safe. Less than a week after Fischels's preliminary release, Fischels told Fleming's cousin that Fischels was going to jail and someone was going to pay-comments that were interpreted as a threat against Fleming.
 
 
 3
 At sentencing, Fischels contended he was entitled to a three-level reduction for acceptance of responsibility. Fischels also objected to the PSR's proposed enhancement for obstruction of justice, denying that he threatened Fleming following his release. Fischels admitted he called his girlfriend and asked her to remove "stuff" from the safe, but testified he was referring to legitimately earned money and he had feared government agents would seize the money and not return it. He testified the marijuana was for his personal use. Police officer Ernest Clark testified that the plastic bags strongly indicated the marijuana was packaged for resale rather than for personal use.
 
 
 4
 After hearing the testimony and arguments from counsel, the court granted Fischels a three-level reduction for acceptance of responsibility. The court also found, taking the evidence as a whole, that the two-level obstruction enhancement applied. The court calculated a total offense level of 25, a criminal history category of I, and a sentencing range of 57 to 71 months. The court sentenced Fischels to imprisonment for 57 months, four years of supervised release, $8000 in restitution, and a $500 fine.
 
 
 5
 Fischels contends the district court should not have increased his base offense level for obstruction of justice. We review findings of fact supporting an obstruction of justice enhancement for clear error, United States v. Adipietro, 983 F.2d 1468, 1479 (8th Cir. 1993), and review de novo whether particular conduct qualifies for the enhancement, United States v. Lamere, 980 F.2d 506, 514 (8th Cir. 1992).
 
 
 6
 Under U.S.S.G. Sec. 3C1.1, a district court should increase a defendant's offense level by two levels "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the [charged] offense." The enhancement applies if a defendant threatens, intimidates, or otherwise unlawfully influences a witness, directly or indirectly, or attempts to do so. U.S.S.G. Sec. 3C1.1 n. 3(a). The enhancement also applies if the defendant directs another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding. Id. n. 3(d).
 
 
 7
 Based on testimony at Fischels's detention hearing, the district court found Fischels indirectly attempted to threaten or intimidate a witness, Fleming. The district court also found Fischels directed his girlfriend to destroy or conceal material evidence. The district court found the direction concerned material evidence because when Fischels told his girlfriend to remove the "stuff" from the safe, he was referring to the marijuana contained in small plastic bags, which could show his intent to distribute. The court decided that even if Fischels meant the money, the money was material because large amounts of cash can be incriminating in a drug case. The district court concluded the obstruction enhancement applied to Fischels's conduct under U.S.S.G. Sec. 3C1.1 notes 3(a) and (d). Having carefully reviewed the record, we conclude the district court's findings of fact are not clearly erroneous, and the district court correctly concluded Fischels's conduct warranted an obstruction of justice enhancement under U.S.S.G. Sec. 3C1.1.
 
 
 8
 Because Fischels's attempt to procure the destruction or concealment of the "stuff" in his safe did not occur contemporaneously with his arrest, we need not consider Fischels's argument that his conduct did not materially hinder the investigation. See U.S.S.G. Sec. 3C1.1 n. 3(d); Lamere, 980 F. 2d at 515 n. 6; United States v. Sykes, 4 F.3d 697, 699 (8th Cir. 1993) (per curiam).
 
 
 9
 Accordingly, we affirm Fischels's sentence.