_____

No. 95-2214
_____

United States of America,          *
                                    *
              Appellee,             *   Appeal from the United States
                                    *   District Court for the
      v.                            *   Eastern District of Arkansas.
                                    *
Donald R. Harris,                   *          [UNPUBLISHED]
                                    *
              Appellant.            *

_____

            Submitted:  November 7, 1995

              Filed:  December 27, 1995
_____

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

     Donald Harris appeals the 15-month sentence imposed by the district
court[1] after he pleaded guilty to obstruction of correspondence, in
violation of 18 U.S.C. § 1702.  We affirm.

     After a misaddressed envelope containing a $25,000 check intended for
the United States Bankruptcy Trustee in North Little Rock was mistakenly
placed in Harris's Little Rock post office box, Harris typed his name on
the check's payee line and tendered the check to an automobile dealership
in payment of a new car.  Over Harris's objection, the district court
applied a two-level

_____

     [1]The Honorable Elsijane Trimble Roy, United States District
Judge for the Eastern District of Arkansas.

more-than-minimal-planning enhancement under U.S.S.G. § 2B1.1(b)(5)(A). Harris argues the court thereby erred.

We review for clear error the district court's finding that Harris engaged in more than minimal planning.  See United States v. Sykes, 4 F.3d 697, 699 (8th Cir. 1993) (per curiam).  "`More than minimal planning' means more planning than is typical for commission of the offense in a simple form," and "exists if significant affirmative steps were taken to conceal the offense."  U.S.S.G. § 1B1.1, comment. (n.1(f)).

We reject Harris's contention that his conduct involved only the minimum planning necessary to commit the offense in its simple form. Section 1702 is violated if one takes "any letter, postal card, or package . . . before it has been delivered to the person to whom it was directed . . . with design to obstruct the correspondence."  As Harris's actions in typing his name on the check and endorsing it over to the dealership evinced an effort to conceal that he was not the check's intended recipient, we conclude the district court did not clearly err in finding Harris engaged in more than minimal planning.  Cf. Sykes, 4 F.3d at 698-99 (enhancement proper where defendant forged name on, and attempted to cash, stolen checks unlawfully possessed in violation of 18 U.S.C. § 1708).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-