73 F.3d 366
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Donald R. HARRIS, Appellant.
 No. 95-2214.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 7, 1995.
Filed Dec. 27, 1995.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donald Harris appeals the 15-month sentence imposed by the district court[1] after he pleaded guilty to obstruction of correspondence, in violation of 18 U.S.C. Sec. 1702. We affirm.
 
 
 2
 After a misaddressed envelope containing a $25,000 check intended for the United States Bankruptcy Trustee in North Little Rock was mistakenly placed in Harris's Little Rock post office box, Harris typed his name on the check's payee line and tendered the check to an automobile dealership in payment of a new car. Over Harris's objection, the district court applied a two-level more-than-minimal-planning enhancement under U.S.S.G. Sec. 2B1.1(b)(5)(A). Harris argues the court thereby erred.
 
 
 3
 We review for clear error the district court's finding that Harris engaged in more than minimal planning. See United States v. Sykes, 4 F.3d 697, 699 (8th Cir.1993) (per curiam). " 'More than minimal planning' means more planning than is typical for commission of the offense in a simple form," and "exists if significant affirmative steps were taken to conceal the offense." U.S.S.G. Sec. 1B1.1, comment. (n.1(f)).
 
 
 4
 We reject Harris's contention that his conduct involved only the minimum planning necessary to commit the offense in its simple form. Section 1702 is violated if one takes "any letter, postal card, or package ... before it has been delivered to the person to whom it was directed ... with design to obstruct the correspondence." As Harris's actions in typing his name on the check and endorsing it over to the dealership evinced an effort to conceal that he was not the check's intended recipient, we conclude the district court did not clearly err in finding Harris engaged in more than minimal planning. Cf. Sykes, 4 F.3d at 698-99 (enhancement proper where defendant forged name on, and attempted to cash, stolen checks unlawfully possessed in violation of 18 U.S.C. Sec. 1708).
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas