_____

No. 96-1175

_____

United States of America,          *
                                   *
          Appellee,                *
                                   *  Appeal from the United States
     v.                            *  District Court for the
                                   *  Northern District of Iowa.
Rickie Perkins,                    *
                                   *      [UNPUBLISHED]
          Appellant.               *

_____

               Submitted:  November 20, 1996

                  Filed:  November 29, 1996
               _____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

               _____

PER CURIAM.


     Rickie Perkins pleaded guilty to theft of government funds, in
violation of 18 U.S.C. § 641.  The district court[1] assessed a two-level
increase for more than minimal planning under U.S. Sentencing Guidelines
Manual § 2B1.1(b)(4)(A), because Perkins' conduct involved repeated acts
over a period of time; and imposed a sentence of twelve months and a day.
On appeal, counsel challenges the two-level increase in a brief filed
pursuant to Anders v. California, 386 U.S. 738 (1967).  Perkins was granted
leave to file a pro se supplemental brief, but he has not done so.  We
affirm.


     We review for clear error the district court's finding that

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States
District Court for the Northern District of Iowa.

Perkins engaged in more than minimal planning.  See United States v. Sykes, 4 F.3d 697, 699-700 (8th Cir. 1993) (per curiam).  "'More than minimal planning' means more planning than is typical for commission of the offense in a simple form," and "is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune."  U.S. Sentencing Guidelines Manual § 1B1.1, comment. (n.1(f)).

After Perkins was discharged from his railroad job, he began receiving unemployment insurance benefits from the United States Railroad Retirement Board.  To collect benefits, Perkins was required to complete a claim form bi-weekly.  From August 1992 to June 1993, Perkins submitted thirteen forms on which he falsely indicated that he was not employed elsewhere, wrongfully claiming benefits for 110 days on which he had actually worked for other employers.  We conclude the district court did not clearly err in finding more than minimal planning, because Perkins repeatedly submitted misleading claim forms over an extended period of time.  See United States v. Callaway, 943 F.2d 29, 31 (8th Cir. 1991); see also Sykes, 4 F.3d at 699-700 (repetitive nature of criminal conduct, alone, may warrant increase).

Having carefully reviewed the record, we have found no nonfrivolous issue for appeal.  See Penson v. Ohio, 488 U.S. 75, 80 (1988).  Counsel's motion to withdraw is granted.

Accordingly, the judgment of the district court is affirmed.

A true copy.

        Attest:

                CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.