United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-3338
_____

United States of America,        *
                                     *
        Appellee,                *
                                     *   Appeal from the United States
        v.                   *   District Court for the
                                     *   Eastern District of Missouri.
Mark T. Abbott,             *     [UNPUBLISHED]
                                     *
        Appellant.            *

_____

Submitted:  January 7, 1998

Filed:  January 12, 1998
_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Mark T. Abbott appeals the 240-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846.  For reversal, Abbott argues that the district court erred by attributing 3 to 10 kilograms of methamphetamine to him; increasing his base offense level for creating a substantial risk of serious bodily harm to another in the course of fleeing from a law enforcement officer, pursuant to U.S. Sentencing Guidelines Manual

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

§ 3C1.2 (1997); and assessing 3 rather than 2 criminal history points for a prior conviction. We affirm.

A Drug Enforcement Administration (DEA) agent testified at sentencing that the portion of the overall conspiracy in which Abbott was involved was responsible for approximately 10 pounds of methamphetamine. As a co-conspirator, Abbott was responsible for that entire amount. See U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (1997) (co-conspirator responsible for all reasonably foreseeable acts of other co-conspirators taken in furtherance of conspiracy); United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc). Moreover, the DEA agent testified that Abbott personally distributed slightly less than 4 kilograms (or 8.8 pounds) of methamphetamine. Based on the DEA agent's testimony, which the district court credited, we do not believe the court clearly erred in finding Abbott responsible for 3 to 10 kilograms of methamphetamine. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (standard of review).

We likewise reject Abbott's argument that the district court clearly erred in applying a 2-level increase pursuant to section 3C1.2. See United States v. Sykes, 4 F.3d 697, 700 (8th Cir. 1993) (standard of review). At sentencing, evidence was presented that after Abbott had failed to appear for his initial sentencing hearing, a cooperating individual informed officers that Abbott was traveling in a blue pick-up truck--which the officers ascertained Abbott owned--pulling a trailer. An officer who passed the truck on the road attempted to intercept it. The driver slammed on his brakes, drove into a ditch, and fled on foot, leaving the vehicle running. Abbott was later apprehended. During a subsequent inventory search of the trailer, two officers were overcome by anhydrous ammonia fumes; both deputies experienced dizziness and headaches, and one experienced tightness in his chest. We agree with the district court that Abbott's actions of abandoning a running vehicle containing a dangerous liquid chemical caused a substantial risk of bodily harm. Cf. United States v. Luna, 21 F.3d

874, 885 (9th Cir. 1994) (§ 3C1.2 enhancement proper when defendant ran stop signs and abandoned still-running car in residential area).

Finally, because we conclude that the district court did not err in determining the drug quantity or in applying the reckless-endangerment enhancement, we decline to review Abbott's argument that the district court erred in assessing 3 rather than 2 criminal history points. Abbott's 240-month sentence represents a downward departure from the applicable Guidelines range, regardless of his criminal history score. See United States v. Patterson, 20 F.3d 801, 808 (8th Cir.), cert. denied, 513 U.S. 845 (1994). Abbott's Guidelines range with the disputed point was 324 to 405 months; the range without the disputed point was 292 to 365 months. See U.S. Sentencing Guidelines Manual, Ch.5, Pt. A (1997) (sentencing table).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.