United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-4172

United States of America,    *
                                *

        Appellee,       *

                                *

Appeal from the United States
    v.                  *
District Court for the

                                *

Western District of Arkansas
Ivan L. Due,            *

                                *      {UNPUBLISHED}

        Appellant.     *

_____

Submitted:    February 3, 1998

Filed:    March 12, 1998

_____

Before McMILLIAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

    Ivan L. Due appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas after he pleaded guilty to failing to report the release of hazardous substances into the environment, in violation of 42 U.S.C. § 9603(b). The district court

_____

[1]The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

sentenced Due to 18 months imprisonment and one year supervised release, and imposed a $3,000 fine. Counsel has filed a brief pursuant to <u>Anders v.</u>

California, 386 U.S. 738 (1967).  For reversal, Due raises two challenges to his sentence.  For the reasons discussed below, we affirm the judgment of the district court.

Due first argues that the district court erred in enhancing his offense level for obstructing justice.  The enhancement applies when a defendant directly or indirectly threatens, intimidates, or otherwise unlawfully influences a witness, or attempts to do so. See U.S.S.G. § 3C1.1, comment. (n.3(a)) (1997).  A defendant is accountable not only for his or her own conduct, but also for conduct that he or she aided or abetted, counseled, commanded, induced, procured, or willfully caused.  See id., comment. (n.8) (1997).

The record shows that Due was present at an office meeting during which Walter Schluterman, vice president of Custom Quality Gel-Coat, Inc. (CQ), told CQ employees about the need for Schluterman and Due to distance themselves from the hazardous waste disposal at CQ that was currently being investigated by authorities; Schluterman also discussed the possibility that CQ employees could lose their jobs depending on the outcome of the investigation.  The record further shows that, during two series of interviews, CQ employees provided investigators with inconsistent accounts of what the employees knew about the disposal.  Given Due's presence at the meeting with CQ employees--combined with his status as a part owner, officer, and supervisor, and his failure to contradict Schluterman--we cannot say that the district court erred in concluding Due unlawfully attempted to influence witnesses, at least indirectly. See United States v. Sykes, 4 F.3d 697, 699 (8th Cir. 1993) (per curiam) (standard of review).

Second, Due argues that the district court erred in enhancing his offense level for his aggravating role in the offense. Due was not only part owner and vice president of CQ, but he was also a supervisor of the CQ employees who participated in burying the waste, and CQ employees indicated that Due and Schluterman had both planned and participated in the illegal burial. Under these circumstances, the district court did not

clearly err in assessing the enhancement. See United States v. Flores, 73 F.3d 826, 835 (8th Cir.) (standard of review), cert. denied, 116 S. Ct. 2568 (1996); U.S.S.G. § 3B1.1(c) (1997) (adjustment is appropriate where defendant organized, supervised, led, or managed criminal activity that involved fewer than five participants and was not otherwise extensive).

We have reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), for any nonfrivolous issues for appeal, and have found none. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.