# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 00-3052

_____

United States of America,      *
     *
         Plaintiff-Appellee,      *
     *    Appeal from the United States
       v.      *    District Court for the District
     *    of Minnesota.
Sonny Lee Moore,      *
     *
         Defendant-Appellant.      *

_____

Submitted: March 13, 2001
Filed: March 23, 2001

_____

Before MURPHY, LAY, and BYE, Circuit Judges.

_____

MURPHY, Circuit Judge.


Sonny Lee Moore pleaded guilty to attempted possession with the intent to distribute one kilogram of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). After an evidentiary hearing the district court[1] imposed a two level sentencing enhancement for reckless endangerment during flight and sentenced Moore to 70

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

months.  On appeal Moore seeks resentencing.  He argues that the court erred by applying the enhancement and that he is entitled to a two level reduction in his sentencing guidelines calculation.  We affirm.

Moore had arranged with an undercover officer named Porus to purchase one kilogram of cocaine, and on December 18, 1999 he met Porus in a hotel parking lot to make the buy.  When several police officers approached his car, he fled.  After a high speed chase, he was arrested and his 1993 Lexus and $17,109 in cash were seized.  He was later charged with attempting to possess cocaine with the intent to distribute, being a felon in possession of a firearm, and possessing a firearm with an obliterated serial number.  Moore pleaded guilty to the cocaine charge under §§ 841(a)(1) & (b)(1)(B), and the other counts were dropped.  The presentence report recommended a two level enhancement for reckless endangerment during flight under U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 3C1.2.  Moore requested an evidentiary hearing on whether the enhancement was appropriate.

At the hearing Officer May testified that from his unmarked car he saw Officer Porus walk out of the hotel into the parking lot.  Porus went over to the driver side of Moore's car and asked him if he had the money.  Porus then directed Moore into one of the parking stalls and walked away.  Officer May pulled his unmarked car behind Moore's car to block him and then got out and approached Moore from the rear.  As he got close to Moore's open window, he yelled "police."  At the same time, two other officers, who were wearing vests marked "POLICE" in yellow reflective tape, converged on Moore's car from the front.  Officer Wehr testified that he yelled, "don't move, police."  Moore testified that he looked in his rearview mirror and saw May crouched down behind the bumper with a gun drawn.  May was not wearing a uniform, and Moore said he thought he was being robbed.  Moore denied hearing the officers announce themselves or noticing the large yellow lettering on their vests.

When the three police officers surrounded his car, Moore fled by driving over a curb and out of the parking lot. The officers followed Moore who drove at speeds between 80 and 100 miles per hour, ran two red lights, and swerved in and out of traffic on a busy highway. Moore testified that he had not seen any flashing police lights while he was being chased, but he admitted that he finally realized he was being pursued by the police and that he threw a digital scale out his window before stopping.

After hearing the conflicting testimony and judging its credibility, the district court enhanced Moore's sentence by two levels for reckless endangerment during flight under U.S.S.G. § 3C1.2. The court found that the government had established that Moore recklessly created a substantial risk of death or serious injury while fleeing the police. The court adopted the facts stated in paragraph 14 of the presentence report that the officers were wearing raid gear and had identified themselves as police. With the two level enhancement Moore's imprisonment range was 70 to 87 months, and the district court sentenced him to 70 months, five years of supervised release, and a $100 special assessment.

On appeal Moore argues that the district court erred in imposing the two level enhancement for reckless endangerment because he did not knowingly flee the police and the court did not specifically make a finding that he had. The government responds that the district court's findings were not clearly erroneous and that they support the ultimate finding and conclusion that Moore knowingly fled from law enforcement. Application of the sentencing guidelines is reviewed de novo, but factual determinations are reviewed for clear error. See United States v. Patterson, 148 F.3d 1013, 1016 (8th Cir. 1998). When the factual findings by the trial court are based on the credibility of witnesses, they are "virtually unreviewable." United States v. Sykes, 4 F.3d 697, 700 (8th Cir. 1993) (internal citation omitted). When there are two possible views of the evidence, the district court's choice of one cannot be clearly erroneous. See id.

Moore argues that the district court did not make a finding that he knew he was fleeing law enforcement and that he did not knowingly do so. He refers to his testimony that he had not seen the officers wearing raid vests, had not heard them identify themselves as police, and had not realized a police car was chasing him. He claims the only officer he saw was May who was in street clothes and whom he feared was about to rob him. The government points in response to Officer May's testimony that he had run up to Moore's car window and shouted "police." May also testified that two officers wearing raid vests with "POLICE" in large letters approached Moore's car from the front and identified themselves as law enforcement officers, and Officer Wehr gave similar testimony. Officers also testified that Moore fled the scene and was followed by an unmarked car with flashing strobe headlights, that during this chase he ran two red lights and reached speeds over 80 miles per hour, and that he threw a digital scale from the car before stopping.

A two level enhancement for reckless endangerment is proper if a defendant "recklessly create[s] a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. . . ." U.S.S.G. § 3C1.2. The issue in this case is not whether Moore recklessly created a substantial risk, but whether he did so while fleeing law enforcement. The parties do not disagree that the enhancement requires that the defendant must have also been aware that he was being pursued by the police as he fled. See Sykes, 4 F.3d at 700 (the finding that the defendant knew he was being pursued by police was not clearly erroneous); United States v. Hayes, 49 F.3d 178, 183-4 (6th Cir. 1995).

The district court conducted an evidentiary hearing, listened to the conflicting testimony, and accepted the law enforcement officers' version of the facts, including that they had made Moore aware of their identities and had told him not to move. It explicitly adopted the findings in paragraph 14 of the presentence report, and the court's findings are not insufficient or clearly erroneous. See Sykes, 4 F.3d at 700. The police

officers identified themselves, and the two in front of Moore's car were wearing raid vests with the word "POLICE" on them. The officers turned on flashing lights in their car as they proceeded to follow Moore who raced down a highway, ran lights, and threw a scale from his car. See id. (defendant had knowledge that he was fleeing law enforcement when officers identified themselves and drove a car with a red light in the front window); United States v. Rice, 184 F.3d 740, 742 (8th Cir. 1999) (defendant had knowledge that law enforcement was present when officers wore badges and were clearly identified). The district court did not err in applying the enhancement for reckless endangerment on the basis of its findings.

We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-