**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael GEMBALA, Defendant–**
**Appellant.**

**No. 01–1559.**

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 2001.

Before KEITH, BOGGS, and MOORE, Circuit Judges.

Michael Gembala, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In April 2001, Gembala was sentenced on his guilty plea to conspiracy to commit arson in violation of 18 U.S.C. § 371. The court sentenced him to fifty-seven months of imprisonment.

Gembala has filed a timely appeal. On appeal, Gembala argues that: 1) the district court erred when it concluded that he had tried to burn down the Tattle Tales bar (the bar); 2) the district court erred when it enhanced his sentence under USSG § 2K1.4(a)(1)(B); 3) the district court erred when·it denied him a three-level reduction under USSG § 2X1.1(b)(2); and 4) the district court erred when it denied him a sentence reduction based on his minor role in the offense.

The district court properly sentenced Gembala. *United States v. O'Dell,* 247 F.3d 655, 674 (6th Cir.2001); *United States v. Murphy,* 241 F.3d 447, 458 (6th Cir.2001). Where there are two possible views of the evidence, the district court's choice of one view cannot be clearly erroneous. *United States v. Moore,* 242 F.3d 1080, 1081 (8th Cir.2001). However, a review of the record in the instant case establishes that the district court did not err when it concluded that Gembala had intended to burn down the bar. First, Gembala told his co-conspirators that he had tried to set the fire. Second, a government agent testified that investigators found the molotov cocktail at the base of a wall of the bar with the wick charred, the bottle smashed and gasoline soaked into the ground under the glass. Gembala's testimony that he had emptied the bottle of its gasoline and threw the empty bottle against the wall, left the district court with two possible views of the evidence. However, the district court's decision to accept the government's view was not clearly erroneous because there was ample evidence to indicate that Gembala had attempted to burn down the bar by throwing a lit molotov cocktail, filled with gasoline, against the wall of the bar.

The district court properly enhanced Gembala's sentence under USSG § 2K1.4(a)(2). The record reflects that Gembala pleaded guilty to a conspiracy to commit arson, and that the indictment indicated that the plan was to burn a building, part of which was used as a dwelling. By pleading guilty to the conspiracy, Gembala necessarily acknowledged that he knew the conspiracy's main purpose, and that he had voluntarily joined the conspiracy to help advance its goals. While § 2K1.4(a)(1)(A) requires that a defendant "knowingly" create a substantial risk of death or serious bodily injury, § 2K1.4(a)(1)(B) does not require specific intent to burn a dwelling. The terms of this guideline are met if the offense involved the destruction or attempted destruction of a dwelling. The absence of a specific intent requirement in this subparagraph demonstrates that the Sentencing Commission did not intend to require an intent to burn a dwelling. *Brown v. Gardner,* 513 U.S. 115, 120, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994); *United States v. Miller,* 224 F.3d 247, 252 (3rd Cir.2000). Because the evidence clearly reflects that Gembala attempted to burn down a building which contained a dwelling, he qualified for an enhancement under USSG § 2K1.4(a)(1)(B).

The district court properly denied Gembala a reduction under USSG § 2X1.1(b)(1). The record contains ample evidence that he took all the steps necessary to achieve the conspiracy's goal when he threw a lit molotov cocktail against the wall of the bar. Because Gembala had completed his task, a decrease in the offense level was unwarranted. *United States v. Haehle,* 227 F.3d 857, 860 (7th Cir.2000); *United States v. Watkins,* 994 F.2d 1192, 1195–96 (6th Cir.1993).

The district court properly denied Gembala a reduction for being a minor participant because Gembala has failed to demonstrate that he was substantially less culpable than his co-defendants. *United States v. Owusu,* 199 F.3d 329, 337 (6th Cir.2000). Gembala's role in the conspiracy was to be the individual who started the fire. Furthermore, as stated above, the record clearly reflects that Gembala attempted to burn down the bar when he threw a lit molotov cocktail against the wall of the bar. The district court properly concluded that he was not a "minor participant." *United States v. Salgado,* 250 F.3d 438, 457 (6th Cir.2001) (a defendant who plays a lesser role in a criminal scheme may nonetheless fail to qualify as a minor participant if his role was indispensable or critical to the success of the scheme).

Accordingly, we affirm the judgment of conviction and sentence.