# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3260

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri |
| Stephen A. Walker, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 18, 2002

Filed: April 1, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Stephen A. Walker appeals from the final judgment entered in the District Court[1] for the Western District of Missouri upon his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Walker to 120 months imprisonment and 3 years supervised release. For reversal, Walker argues the district court erred in calculating his base offense level under U.S.S.G. § 2K2.1(a)(2), because his prior Missouri conviction for

---

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

unlawful use of a weapon did not constitute "a crime of violence." For the reasons discussed below, we affirm the judgment of the district court.

In a felon-in-possession case, the base offense level is 24 "if the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense." See U.S.S.G. § 2K2.1(a)(2). Guidelines § 2K2.1 incorporates by reference U.S.S.G. § 4B1.2's crime-of-violence definition. See U.S.S.G. § 2K2.1, comment. (n.5). Guidelines § 4B1.2(a)(1) and (2), respectively, define "crime of violence" as any crime punishable by imprisonment for a term exceeding 1 year that "has as an element the use, attempted use, or threatened use of physical force against another person," or "otherwise involves conduct that presents a serious potential risk of physical injury to another."

Assuming without deciding that the Missouri statute Walker violated could have been committed without violence, we conclude the district court properly considered the offense's underlying facts. See Mo. Rev. Stat. § 571.030.1(1) (2000) (prohibiting knowingly carrying concealed "a knife, a firearm, a blackjack or any other weapon readily capable of lethal use"); United States v. Kind, 194 F.3d 900, 907 (8th Cir. 1999) ("Assuming this offense can sometimes be committed without violence, we look to the *facts* or charging instruments underlying Kind's offense to determine whether it was a crime of violence." (emphasis added)), cert. denied, 528 U.S. 1180 (2000); United States v. Wright, 957 F.2d 520, 522 (8th Cir.) (when deciding whether offense involves conduct that presents serious potential risk of physical injury to another, courts may examine *facts* underlying defendant's conviction to determine whether offense is "crime of violence"), cert. denied, 506 U.S. 856 (1992).

In view of the unobjected-to facts in the presentence report (PSR) describing Walker's prior conviction, the district court correctly determined that the conviction constituted a predicate felony, because his offense--which involved a car chase with

two weapons readily accessible, a subsequent flight on foot, and an ultimate arrest yielding brass knuckles--presented a serious potential risk of physical injury to the officers who pursued and arrested him. <u>See</u> U.S.S.G. § 4B1.2(a)(2); <u>United States v. Moore</u>, 242 F.3d 1080, 1081 (8th Cir. 2001) (reviewing district court's application of Guidelines de novo and its factual findings for clear error); <u>United States v. Wajda</u>, 1 F.3d 731, 732 (8th Cir. 1993) (per curiam) (district court is not required to make factual findings on matters in PSR unless defendant objects with specificity and clarity).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.