**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 07-4350**

─────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

MEGAN TERRANCE RAMON WHITE,

                                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:05-cr-01127-TLW)

─────────

Submitted:  September 28, 2007        Decided:  October 10, 2007

─────────

Before MOTZ, KING, and DUNCAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Ray Coit Yarborough, Jr., Florence, South Carolina, for Appellant.
Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY,
Florence, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Megan Terrance Ramon White pled guilty to bank robbery and was sentenced to 144 months in prison. On appeal, his attorney has filed an Anders[1] brief, questioning whether White's Fed. R. Crim. P. 11 hearing was properly conducted and whether his sentence was reasonable, but concluding that there are no meritorious issues for appeal. White has filed a pro se supplemental brief, arguing that (1) he was improperly determined to be a career offender, (2) the court did not take into consideration his mental illness, and (3) he should not have been given a reckless endangerment adjustment. After a thorough review of the entire record, we affirm.

I.

In counsel's brief, he notes that the district court's Rule 11 hearing was thorough and complete with the exception of two issues. First, he asserts that the district court failed to inform White that he was subject to the $100 assessment, in violation of Fed. R. Crim. P. 11(b)(1)(L). Next, he claims that the district court failed to inform White that he was giving up his right to be protected from compelled self-incrimination and that the Government could prosecute him for any false statements made under oath, in violation of Fed. R. Crim. P. 11(b)(1)(A), (E). However, counsel concludes that, because the district court's violation of Rule 11

_____

[1]Anders v. California, 386 U.S. 738 (1967).

did not affect White's substantial rights, there was no plain error.

Because White did not move in the district court to withdraw his guilty plea, counsel correctly notes that any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 526 (4th Cir. 2002). "To establish plain error, [White] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if White satisfies these requirements, correction of the error remains within our discretion, and we will not exercise our discretion unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id.; see United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) (holding that "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea").

Even assuming that the district court erred at the Rule 11 hearing as counsel alleges, any omissions did not affect White's substantial rights. White was clearly aware that he faced a special assessment and prosecution for false statements, having been informed of such in both his plea agreement and the summary of his agreement at the plea hearing. During the plea hearing, White

acknowledged that he thoroughly reviewed the plea agreement with his attorney and that he understood its provisions. In addition, counsel testified that he discussed the rights White was waiving with him and that White understood. Finally, the record provides no basis for a conclusion that White would not have pled guilty had the district court been more exacting in its conduct of the plea hearing. Accordingly, any error at White's plea hearing was either not plain or not a miscarriage of justice. See United States v. Stead, 746 F.2d 355, 356-57 (6th Cir. 1984) (district court's failure to advise a defendant of his right against self-incrimination did not require guilty plea to be set aside).

## II.

Section 4B1.1 of the United States Sentencing Guidelines provides that a defendant should be classified as a career offender when (1) the defendant is over eighteen, (2) the instant crime is a felony that is a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. White contends that he should not have been classified as a career offender because (1) his prior crimes were not violent and (2) his prior convictions were related and should

- 4 -

not have been counted separately.  Because White did not object at sentencing, his claims are reviewed for plain error.[2]

First, White asserts that his convictions for assault and battery of a high and aggravated nature and threatening a public official were non-violent, and he presents the factual background of his crimes and submits state documents showing that the crimes were classified as non-violent.  However, because these crimes are "by their nature" violent crimes, the actual facts of White's crimes are irrelevant to the determination of whether these crimes were "crimes of violence" for career offender purposes.  See United States v. Pierce, 278 F.3d 282, 288 (4th Cir. 2002) (holding court should examine the offense as a "category of criminal conduct defined by the statute" and not "the particular facts underlying those convictions").

Second, White asserts that his convictions were consolidated for sentencing and, thus, should not have counted as separate convictions.  For the purpose of computing criminal history, sentences for "related cases" are treated as one sentence.

---

[2]White also claims that his attorney was ineffective for withdrawing all objections to the presentence report.  However, claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  Instead, to allow for adequate development of the record, a defendant generally must bring his ineffective assistance claims in a motion under 28 U.S.C. § 2255 (2000). United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  We find that White's ineffective assistance claims are not conclusively established by the record.

See United States Sentencing Guidelines Manual § 4A1.2(a)(2) (2006). Cases are considered "related" if there was no intervening arrest and the offenses "(A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." USSG § 4A1.2 comment. (n.3).

Here, there was an intervening arrest. See United States v. Green, 436 F.3d 449, 459 (4th Cir.) (noting that "intervening arrest" means that "defendant [was] arrested for the first offense prior to committing the second offense"), cert. denied, 126 S. Ct. 2309 (2006). White was arrested for assault and battery on June 12, 1999, and he committed the offense of threatening a public official on September 23, 1999. Thus, the convictions were not related, and the district court properly counted them separately for purposes of determining White's criminal history score.

### III.

Section 3C1.2 of the Guidelines provides for a two level adjustment when "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The presentence report ("PSR") noted that White led police officers on a high-speed chase after the robbery. White argues that he did not realize the police were chasing him until after he crashed his car and that,

once he fled on foot, he was not endangering anyone. However, because White did not object below, this argument was not before the district court. White admitted at his Rule 11 hearing that he was apprehended after a vehicular pursuit by police officers. Given the description of the chase at the Rule 11 hearing and in the PSR, the district court did not commit plain error in imposing the adjustment. See United States v. Sykes, 4 F.3d 697, 700 (8th Cir. 1993) (failing to pull over and thereby compelling police to force defendant off road constitutes reckless endangerment).

IV.

We will affirm a sentence if it "is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of reasonableness to within-Guidelines sentence).

Here, the district court sentenced White after considering and examining the Sentencing Guidelines and the relevant 18 U.S.C. § 3553(a) (West 2000 & Supp. 2007) factors. The court expressly stated that it took into account White's circumstances and problems, and when rendering judgement, the court recommended counseling and treatment during White's incarceration.

White's 144-month prison term is within the advisory Guideline range and is below the statutory maximum. We therefore conclude that the sentence is reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>