**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4987**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARCUS ANTWON TWITTY, a/k/a Marcus Antwan Young,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:06-cr-00250-LHT)

Submitted: December 18, 2008      Decided: January 16, 2009

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Raleigh, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Antwon Twitty pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute cocaine and methamphetamine, 21 U.S.C. § 846 (2006), and was sentenced to 235 months imprisonment. Twitty's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which she asserts that there are no meritorious issues for appeal but raises the following potential claims: (1) the district court abused its discretion in denying Twitty's motion for substitution of counsel; (2) the district court plainly erred in applying a two-level enhancement for possession of a weapon, U.S. Sentencing Guidelines Manual (USSG) § 2D1.1; (3) the district court plainly erred in applying a two-level enhancement for obstruction of justice, USSG § 3C1.2; (4) the district court plainly erred in computing Twitty's criminal history score; (5) Twitty's sentence was unreasonable; and, (6) trial counsel was ineffective. Although advised of his right to file a supplemental pro se brief, Twitty has not done so.

Counsel first questions whether the district court erred in denying Twitty's motion for new counsel. At the hearing on his motion, Twitty stated that he was upset with his court-appointed counsel because he (the attorney) had come to visit Twitty in jail and spoken with him in a public place. The

2

district court noted for the record that the jail where Twitty was incarcerated has one private room for attorney-client meetings and that the room is available on a first-come first-served basis. After asking Twitty if he was sure that he still wanted another lawyer, Twitty responded: "It's not that I don't want him as a lawyer, because he has come to see me twice already, three times talked to me. So I appreciate that. It's just the point that I couldn't go nowhere else and talk to him. I didn't feel comfortable with other inmates in there." We find that Twitty's sworn statements at the hearing indicated that he abandoned his claim for substitution of counsel. In any event, his statements failed to establish a conflict with his attorney that resulted in a "total lack of communication" sufficient to support his motion for substitution of counsel. See United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004). Accordingly, the district court did not abuse its discretion in denying his motion.

Next, counsel questions the two-level enhancement Twitty received for possession of a dangerous weapon. Because no objections were made in the district court, Twitty's challenges to his sentence are reviewed for plain error. Under USSG § 2D1.1(b)(1), a two-level enhancement "shall be imposed if a dangerous weapon, including a firearm, was possessed during a narcotics offense." The adjustment is applied "if the weapon

3

was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1), comment. (n.3). In order to demonstrate that a weapon was present, the Government need show only that "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." United States v. McAllister, 272 F.3d 228, 233-34 (4th Cir. 2001) (internal quotation marks and citation omitted). Here, the enhancement was applied based on Twitty's acknowledgment that he carried a .22 caliber revolver with him when he conducted drug transactions. We find that this was sufficient to support the enhancement.

Counsel next questions the two-level enhancement Twitty received for obstruction of justice. Again, Twitty did not object to this recommendation. Section 3C1.2, USSG, provides for a two-level adjustment when "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The PSR recommended the enhancement because Twitty fled from the police at the time of his arrest, recklessly drove his vehicle away from a vehicle stop and later abandoned his vehicle causing the officer to follow him on foot. We find that, on these facts, the district court did not commit plain error in applying the enhancement. See United States v.

4

Sykes, 4 F.3d 697, 700 (8th Cir. 1993) (failing to pull over and thereby compelling police to force defendant off road constitutes reckless endangerment).

Next, counsel asserts that the district court erred in computing Twitty's criminal history points. The PSR found that Twitty had a total of 11 criminal history points based on his prior convictions. Twitty now asserts that the Government failed to prove that some of the convictions listed in the PSR under the name "Marcus Young" were in fact his (Twitty's) convictions. Counsel concedes, however that "nothing appears to contradict the information found" in the PSR. Twitty's criminal history score was based, in part, on five convictions identified in the PSR which noted that Twitty was convicted under the name Marcus Antwon (or Antwan) Young. Because Twitty has offered no evidence to support his claim that the convictions were not his, this claim fails as well. See United States v. Randall, 171 F.3d 195, 210-11 (4th Cir. 1999) (noting that, where "the district court relies on information in the presentence report . . . in making findings, the defendant bears the burden of establishing that the information relied on by the district court . . . is incorrect; mere objections are insufficient.").

Counsel also questions the reasonableness of Twitty's sentence. Specifically, Twitty asserts that: (1) the district court did not adequately consider his family and mental health

history before imposing the sentence; and (2) the sentence was greater than necessary to comply with 18 U.S.C. § 3553(a) (2006).

This court will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). In assessing the reasonableness of the sentence, this court focuses on whether the district court abused its discretion in imposing the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The sentence is first examined for significant procedural errors, and then the court looks at the substance of the sentence. Id. A sentence within a properly calculated sentencing guideline range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In evaluating the district court's explanation of a selected sentence, we have held that the district court "need not robotically tick through § 3553(a)'s every subsection," but need only "provide [this court] an assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant." United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (internal quotation marks and citation omitted). On appellate review, this court will not evaluate the adequacy of the sentencing court's explanation for its sentence

6

"in a vacuum," but rather will consider "[t]he context surrounding [its] explanation." United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006). Here, the PSR detailed Twitty's history of substance abuse and his family history, and that he had received mental health treatment in the past. At the conclusion of the sentencing hearing, the district court noted that it had considered the information contained in the presentence report.

The district court properly calculated the Guidelines range, considered that range in conjunction with the factors set forth in 18 U.S.C. § 3553(a), and determined an appropriate sentence within the Guidelines range. Applying the presumption of reasonableness afforded sentences within the Guidelines range and Twitty's failure to rebut that presumption on appeal, we conclude that his 235-month sentence is reasonable. See Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007); United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

Lastly, counsel raises a number of claims of ineffective assistance of counsel. However, in order to allow for adequate development of the record, a defendant must ordinarily bring a claim of ineffective assistance of counsel in a 28 U.S.C. § 2255 (2000) motion unless it conclusively appears on the face of the record that counsel provided inadequate assistance. United States v. Richardson, 195 F.3d 192, 198 (4th

7

Cir. 1999). The record in this case does not conclusively show ineffectiveness.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Twitty, in writing, of the right to petition the Supreme Court of the United States for further review. If Twitty requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Twitty. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>