# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1816

_____

| | | |
|---|---|---|
| United States of America | * | |
| | * | |
| Petitioner/Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court for the |
| | * | Western District of Missouri |
| M. C. Worthon, | * | |
| | * | |
| Defendant/Appellant. | * | |

_____

Submitted: November 5, 2002
Filed: January 13, 2003

_____

Before McMILLIAN and SMITH, Circuit Judges, and LONGSTAFF,[1] District Judge.

_____

RONALD E. LONGSTAFF, District Judge.

M.C. Worthon (Worthon) appeals from a March 11, 2002 judgment entered against him after a jury trial in the district court[2] on two counts of Mail Theft by an Employee.

_____

[1] The Honorable Ronald E. Longstaff, Chief Judge, United States District Judge for the Southern District of Iowa, sitting by designation.

[2] The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Specifically, Worthon argues that the court improperly allowed the trial to proceed on both counts, rather than forcing election by the government, thus presenting him to the jury as more culpable than he might have seemed otherwise. Worthon also argues that the court erred by allowing the introduction of evidence of prior missing compact discs (CDs), in violation of Rule 404(b) of the Federal Rules of Evidence.

I.

Worthon worked for the U.S. Postal Service in Springfield, Missouri, from September 1987 to April 2001. Beginning in March 2001, the Customer Service Supervisor of the Springfield, Missouri Main Post Office reported that approximately 15 to 20 post office box customers had complained of parcels missing when they attempted to retrieve them at the post office. The majority of the losses were reported on Monday mornings. Worthon had weekend access to the general area where the post boxes were located.

During their investigation of the missing parcels, U.S. Postal Inspectors surveilled the post office box area. On Sunday, April 8, 2001, at approximately 10:30 p.m., two inspectors observed Worthon crushing two small cardboard boxes. They approached him and discovered that the boxes were addressed to Vickie Gray and Trish Wallace. The inspectors also discovered that Worthon had a large box with 17 CDs in it. Worthon waived his Miranda rights and was questioned by the postal inspectors. He admitted that he did not have permission to take the CDs.

Vickie Gray and Trish Wallace were contacted, and both acknowledged that they were expecting CDs from Columbia House and BMG Music Companies, respectively. They had not given Worthon permission to take their CDs. During further investigation, the inspectors received a pawn shop record report from the Springfield, Missouri Police Department indicating that Worthon had sold

approximately 500 CDs and 65 cassette tapes during 1998 and 1999 to Springfield area pawn shops. The inspectors also obtained payout forms to Worthon from Springfield area pawn shops indicating that the defendant had sold approximately 250 CDs, 70 cassette tapes, and 14 video tapes during 2000 and 2001.

On June 27, 2001, the Grand Jury for the Western District of Missouri brought an indictment against Worthon on two counts of violation of 18 U.S.C. § 1709 (postal employee knowingly stealing, abstracting, and removing articles from packages): one count for the package to Vickie Gray and one count for the package to Trish Wallace.

The district court[3] referred pretrial matters to a magistrate judge.[4] On August 6, 2001, Worthon moved to dismiss either count one or count two as cumulative prosecution, violating his constitutional rights. The magistrate judge denied the motion, reasoning that the appropriate remedy would be for the court to force election of counts at trial, not before. Worthon did not renew his motion at trial, however.

In opening arguments at trial, Worthon's counsel made statements indicating that Worthon had a defense of mistake of fact, in that he believed the parcels were intended for discard as trash, and that he was "framed." In its case-in-chief, the United States introduced evidence of the missing package complaints in order to support its case that there was no mistake of fact and the defendant was not framed. Contrary to the government's assumption, Worthon did not testify on his behalf. Thus, the anticipated defense never materialized at trial. Worthon now argues that introducing evidence of the complaints prejudiced his case in the eyes of the jury, who found him guilty of the charges.

---

[3] The Honorable Scott Wright, United States District Judge for the Western District of Missouri.

[4] The Honorable James England, United States District Magistrate Judge for the Western District of Missouri.

After the jury's verdict, the district court sentenced Worthon to five years of supervised probation and imposed a special assessment of $200.00 payable to the Crime Victim Fund ($100.00 for each count).

## II.

We will first address the district court's treatment of the issue of misjoinder of counts in Worthon's indictment and trial. This court reviews a district court's denial of a timely request to remedy misjoinder as abuse of discretion. United States v. Lane, 474 U.S. 438, 449, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986).

A "multiplicitous" indictment is one that charges a single offense in multiple counts and generally is not improper in a well-pleaded indictment. United States v. Webber, 255 F.3d 523, 527 (8th Cir. 2001). "[W]hether an aggregate of acts constitutes a single course of conduct and therefore a single offense, or more than one, may not be capable of ascertainment merely from the bare allegations of an information and may have to await the trial on the facts." United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 225, 73 S.Ct. 227, 231, 97 L.Ed. 260 (1952). Thus, the magistrate judge was correct in holding that whether the counts are duplicative could not be decided on the face of the indictment and, rather, must await determination based on the facts brought out at trial. Worthon failed to renew his motion either during trial or at the end of trial.

If a defendant's motion for severance in pretrial proceedings is denied for lack of authority, and the defendant fails to renew his motion during trial or during the post-trial motion period, then the defendant has waived his right to appeal on the issue of denial of severance. United States v. Luschen, 614 F.2d 1164, 1174-75 (8th Cir. 1980); United States v. Brim, 630 F.2d 1307, 1310 (8th Cir. 1980); United States v. Porter, 441 F.2d 1204, 1212 (8th Cir. 1971).

Because Worthon did not renew his motion during the appropriate time period, he has waived his right to seek review by this Court. This Court rejects Worthon's argument that the district court should have dismissed one of the counts by its own motion. As we find the defendant's failure to make the motion dispositive on this issue, we need not address the merits of Worthon's cumulative prosecution argument. See Brim, 630 F.2d at 1310 (failure to renew motion for severance at close of government's case or conclusion of all evidence constituted waiver).

### III.

We next address the district court's admission of testimony regarding customer complaints of prior thefts. This court reviews a district court's evidentiary rulings for abuse of discretion. United States v. Looking, 156 F.3d 803, 811 (8th Cir. 1998).

As set forth above, Worthon contends that the district court erred in allowing evidence of previous thefts and disappearance of items from the post office that were not proved to be connected to him. To be admissible under Rule 404(b) of the Federal Rules of Evidence,

> such evidence must meet four requirements: (1) the evidence of the bad act must be admissible on a material issue raised; (2) the evidence must be similar in kind and reasonably close to the charge; (3) the evidence of the other crime or bad act must be clear and convincing; (4) the probative value of the evidence must not be outweighed by its prejudice.

United States v. Horvath, 731 F.2d 557, 560 (8th Cir. 1984). We conclude that the evidence of prior thefts was improperly admitted in that the United States did not show a connection between the defendant and those other acts by clear and convincing evidence.

However, "it is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional

violations." Id. (quoting United States v. Hasting, 461 U.S. 499, 509, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96, 106 (1983)). "The test for harmless error is whether the erroneous evidentiary ruling had a substantial influence on the jury's verdict." United States v. Oleson, — F.3d —, —, 2002 WL 31557351, at *4 (8th Cir. Nov. 20, 2002) (No. 02-1432), (quoting Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995)).

The introduction of evidence that Worthon had sold over 750 CDs to pawn shops over a 4-year period, though circumstantial, as well as the eyewitness testimony of the postal employees, is sufficient evidence of his guilt without the inclusion of the evidence Worthon sought to exclude. Thus, although the district court erred in allowing the testimony of prior thefts at the post office, such error was harmless in light of the overwhelming evidence that Worthon did commit the offenses as listed in the indictment.

The decision of the district court is AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.