# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2133

_____

United States of America

*Plaintiff - Appellee*

v.

Stephon Treavon Reggs

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 17, 2018
Filed: November 27, 2018

_____

Before COLLOTON, ARNOLD, and SHEPHERD, Circuit Judges.

_____

ARNOLD, Circuit Judge.

After Stephon Reggs and two others robbed a Minneapolis convenience store, Reggs pleaded guilty to aiding and abetting a robbery that interfered with commerce, *see* 18 U.S.C. §§ 2, 1951, and aiding and abetting the discharge of a firearm during that robbery, *see id.* §§ 2, 924(c)(1)(A)(iii). In calculating Reggs's sentence for the robbery conviction under the Sentencing Guidelines, the district court increased his

offense level by two levels on the ground that Reggs "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." *See* USSG § 3C1.2. Reggs appeals, arguing that the evidence did not support the enhancement. We agree and therefore reverse and remand for resentencing.

The relevant record is meager to say the least. What little we know about the flight from law enforcement officers comes from the presentence report, which the district court adopted after Reggs did not object to its factual recitations. The PSR explains that about twenty-two minutes after receiving the report of the robbery, authorities located the robbery participants' getaway car. An officer shined a flashlight into the car and ordered the occupants to put their hands up, but one of Reggs's co-conspirators drove the car away with Reggs and the third co-conspirator as passengers, "and a short chase ensued." The driver then crashed into a parked car, at which time the three co-conspirators got out of the car and fled on foot. Reggs's co-conspirators "were apprehended after a short foot chase," while Reggs escaped. Reggs was arrested about a week later. No one offered any other evidence about the flight at the sentencing hearing. The PSR recommended the enhancement because "as law enforcement attempted to stop a vehicle that the defendant was a passenger in, the driver . . . did not comply" and later crashed into a parked car.

Even if we assume that the flight of the car "recklessly created a substantial risk of death or serious bodily injury," that does not mean that Reggs created the risk and thus was subject to the enhancement. It is true that as a general rule a defendant's sentence under the Guidelines may be enhanced not only for his own conduct and the conduct he aids and abets, but also for certain reasonably foreseeable conduct of co-conspirators. *See* USSG § 1B1.3(a)(1). But this general rule yields to enhancement rules that specifically provide otherwise, *id.* § 1B1.3(a), and Application Note 5 to the reckless-endangerment guideline specifies otherwise, noting that, "[u]nder this section, the defendant is accountable for the defendant's own conduct and for conduct

that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused." Notably absent from this provision is any reference to the defendant being accountable for the reasonably foreseeable acts of co-conspirators. Every circuit to consider this matter agrees that it is not appropriate to apply the enhancement based on the reasonably foreseeable acts of co-conspirators. *See, e.g.*, *United States v. McCrimon*, 788 F.3d 75, 78–79 (2d Cir. 2015) (per curiam). Instead, in cases where the defendant was merely a passenger in a fleeing vehicle, the record must show "some form of direct or active participation" by the defendant in the dangerous flight. *See id.* at 79. In other words, the record must demonstrate that the passenger "was responsible for or brought about the driver's conduct in some way." *United States v. Franklin*, 321 F.3d 1231, 1237 (9th Cir. 2003).

The government does not take issue with these principles. Instead, it maintains that the record demonstrates that Reggs directed or participated in his co-conspirator's flight, or at least supports an inference that he did so. We don't see it. The government invites us to look at events surrounding the robbery, rather than simply the flight itself. For example, the government emphasizes that Reggs made an already serious crime even more serious when he pistol-whipped and shot at the store clerk, which arguably necessitated a quick getaway. It also emphasizes the potential carceral consequences Reggs faced if caught, given his criminal history and his status as a probationer when he committed the robbery. It further notes that police often respond to robberies in short order, so Reggs and his co-conspirators would have needed to leave quickly to avoid capture.

We see in the government's position nothing more than an argument that it would have been reasonably foreseeable to Reggs that a reckless flight from police might ensue following the robbery. But, as we already said, reasonable foreseeability is insufficient. As one of our sister circuits put it in similar circumstances, "Knowingly participating in an armed robbery in which getaway vehicles are part of the plan is insufficient as a matter of law, without more, to allow a district court to

impose this enhancement on individuals not directly committing the acts amounting to reckless endangerment." *Franklin*, 321 F.3d at 1237. This case is distinguishable, moreover, from cases where we have upheld application of the enhancement. For example, in *United States v. Valdez*, the defendant-passenger in a fleeing vehicle admitted to waving a shotgun during the chase in the hope of dissuading pursuers from continuing their chase, which certainly supported a conclusion that he aided or abetted the flight. 146 F.3d 547, 554 (8th Cir. 1998). And in *United States v. Bates*, we upheld the application of the enhancement against a defendant who was a passenger in a car used to flee from police because, after the defendant got out of the car and fled on foot, he "struggled on the ground with [an] officer and continually reached toward his waistband" where he kept a pistol. 561 F.3d 754, 756–57 (8th Cir. 2009). We decline to attribute responsibility to Reggs for his co-conspirator's decision to flee recklessly in the car based simply on the circumstances surrounding the robbery.

The government also highlights Reggs's flight on foot as evidence that Reggs acquiesced in the car chase. But mere acquiescence in the flight is insufficient; there must be some evidence of the passenger's direct or active participation. We decline, moreover, to hold, as the government asks us to, that Reggs's later flight on foot supports an inference that he directed or actively participated in the car chase. These two events were too distinct for a fact-finder to draw that inference. Perhaps in some cases such an inference could be drawn, but on this record it is not reasonable to do so.

The government maintains finally that by fleeing on foot Reggs aided and abetted his co-conspirators' flight on foot. Reggs did so, the argument runs, by encouraging them to flee and by making it more difficult to capture and subdue them because his flight helped diffuse police resources. Even if the government's theory might prevail in a proper case, the record here is simply too scant to support the enhancement's application. It could just as well be that his co-conspirators' flight

induced Reggs's flight. And though the PSR explains that police found guns on at least one co-conspirator, it never details why the co-conspirators' flights created a substantial risk of death or serious bodily injury. The government asserts in its brief that police had to subdue the co-conspirators, but the government does not point to anything in the record indicating that the police physically struggled with Reggs's co-conspirators: All the PSR says is that the co-conspirators were "apprehended" or "detained" following the foot chase. Nor does the PSR reveal how many officers were involved in the foot chase or whether Reggs's flight diverted police resources from Reggs's co-conspirators. For all that we know, the police never even pursued Reggs and instead focused on capturing his co-conspirators. In sum, we cannot conclude on this record that Reggs's flight aided and abetted the flight of his co-conspirators.

We therefore reverse the judgment of the district court and remand for resentencing limited to the record already before the court. *See United States v. Thomas*, 630 F.3d 1055, 1057 (8th Cir. 2011) (per curiam).

_____