# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2525

_____

United States of America,

*Plaintiff - Appellee,*

v.

Nicholas Burrell Davidson,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: May 13, 2019
Filed: August 9, 2019

_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Nicholas Davidson pleaded guilty to one count of unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1] sentenced him to 110 months' imprisonment. Davidson appeals,

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

challenging the district court's calculation of the advisory guideline sentencing range. He disputes increases to the guideline range for possession of a firearm in connection with another felony, USSG § 2K2.1(b)(6)(B), and for reckless endangerment during flight from law enforcement, *id.* § 3C1.2. We conclude that there was no procedural error, and therefore affirm.

Police in Davenport, Iowa, learned in July 2017 that Davidson was selling marijuana out of a car near a local apartment complex. A confidential informant, under supervision of the police, bought 2.5 grams of marijuana from Davidson, who weighed the drugs on a digital scale before transferring them.

Two days later, police decided to arrest Davidson at a local playground. When he saw the officers, Davidson fled, and the officers chased him. About forty to fifty yards into the foot pursuit, Davidson pulled a pistol from his waistband and threw it to the side. He then ran to a residential area, where he climbed a six-foot privacy fence and entered a backyard. Police caught him there, but he continued resisting and fought with officers. Several officers received minor injuries during the struggle.

Police found 13.7 grams of marijuana, at least $1,300 in cash, and car keys on Davidson's person. Officers searched the car that matched the keys and found approximately 7.35 grams of marijuana, three functioning digital scales, packaging material, and a duffle bag with marijuana residue. Police also searched two apartments that Davidson reportedly frequented, and seized marijuana and drug paraphernalia.

Davidson pleaded guilty to unlawfully possessing a firearm as a previously convicted felon, and the district court sentenced him to 110 months' imprisonment. In calculating the advisory guideline range, the court applied a four-level increase for possession of a firearm in connection with another felony offense and a two-level increase for reckless endangerment during flight.

On appeal, Davidson disputes the finding that he possessed "any firearm or ammunition in connection with another felony offense." *Id.* § 2K2.1(b)(6)(B). The district court found that Davidson possessed a firearm in connection with the felony offense of possession with intent to distribute marijuana. The court reasoned that Davidson's offense "was clearly possession with intent to distribute marijuana based on his earlier sale to the confidential informant, the amount of cash, the manner in which the marijuana was packaged, presence of a firearm, and the search warrant evidence." Davidson contends, however, that he did not intend to distribute the marijuana that he possessed, so his drug offense was not a felony.

Davidson possessed 13.7 grams of marijuana packaged in several plastic bags, and an expert testified that Davidson's hybrid marijuana was often sold in gram or half-gram quantities. He also possessed $1,300 in cash when arrested, and he discarded a firearm during the preceding foot chase. These factors all support an inference that the seized marijuana was for distribution and not merely for personal use. *See United States v. Brockman*, 924 F.3d 988, 993-94 (8th Cir. 2019); *United States v. Thompson*, 881 F.3d 629, 632-33 (8th Cir. 2018). Add to that Davidson's distribution of marijuana to an informant two days earlier, the seizure of marijuana, scales, and packaging material from a car to which Davidson had the keys, and other drug trafficking evidence found in two apartments that Davidson frequented. There was ample evidence to support a finding of possession with intent to distribute, and there was no clear error in applying the four-level increase under § 2K2.1(b)(6)(B).

Davidson also challenges the district court's application of a two-level increase for "recklessly creat[ing] a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." USSG § 3C1.2. Davidson argues that § 3C1.2 is most often applied to car chases, *e.g.*, *United States v. St. James*, 415 F.3d 800, 806 (8th Cir. 2005), and does not apply in the context of his short-lived flight on foot. He portrays his flight as an instinctive response that

failed to create the requisite risk to others. *See United States v. Reyes-Oseguera*, 106 F.3d 1481, 1483 (9th Cir. 1997).

We see no clear error in the district court's finding. The reckless endangerment adjustment can apply to foot chases as well as car chases, *see United States v. Bates*, 561 F.3d 754, 757 (8th Cir. 2009), and there was sufficient evidence to trigger the increase here. Davidson fled from police and hopped a six-foot fence in a residential area, thereby creating a risk of harm to officers who scaled the barrier after him. By struggling with the arresting officers, he created a substantial risk of serious bodily injury beyond the minor injuries that actually resulted. By discarding his firearm during the chase, Davidson also created the possibility of the weapon accidently discharging. The court reasonably could find that Davidson was aware of the risks created by his conduct, and that he grossly deviated from the standard of care that a reasonable person would exercise in that situation—*i.e.*, peaceful surrender. *See* USSG § 3C1.2, comment. (n.2); *id.* § 2A1.4, comment. (n.1). We therefore conclude that the district court did not commit procedural error in calculating Davidson's guideline range.

The judgment of the district court is affirmed.

_____