# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-3177

———————————————

United States of America

*Plaintiff - Appellee*

v.

Brandon Leigh Esquibel

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

————————

Submitted: April 17, 2020
Filed: July 10, 2020
[Published]

————————

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.

————————

PER CURIAM.

Brandon Esquibel pleaded guilty to being a felon in possession of a firearm. 18 U.S.C. §§ 922(g)(1) & 924(a)(2). The district court[1] sentenced him to 110 months in

———————————————

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

prison and three years of supervised release. Esquibel appeals his sentence, arguing that the district court erred in applying sentencing enhancements and calculating his base offense level. We affirm.

I.

Officers discovered Esquibel in possession of a firearm during their response to an unrelated tip that a federal fugitive was at a house in Sioux City, Iowa. Although the fugitive was not present, officers found Esquibel in the detached garage and ordered him to put his hands above his head. Esquibel did not obey but instead fled on foot toward the front of the house. Officers pursued Esquibel and observed him discard a firearm. After a brief chase and a struggle with one of the officers, Esquibel was subdued. During a search incident to arrest, officers found 4.79 grams of methamphetamine on him.

Esquibel's base offense level was 20 due to a prior conviction for a controlled substance offense. The court applied a four-level enhancement because Esquibel possessed the firearm in connection with another felony offense, a two-level enhancement because he recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, and a two-level enhancement because the firearm was stolen. After factoring in a reduction for acceptance of responsibility, the court arrived at a Guidelines range of between 110 and 120 months in prison and sentenced Esquibel at the bottom of that range. On appeal, Esquibel challenges the first two enhancements and the court's finding that his previous Iowa drug conviction qualified as a predicate controlled substance offense.

We review the district court's legal conclusions, including its determinations as to whether a prior offense qualifies as a sentence enhancing predicate, de novo and its factual findings for clear error. See United States v. Dixon, 822 F.3d 464, 465 (8th Cir. 2016); United States v. Boleyn, 929 F.3d 932, 936 (8th Cir. 2019).

The Guidelines prescribe a four-level enhancement where a defendant "used or possessed [a] firearm . . . in connection with another felony offense," which is "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offenses, punishable by imprisonment for a term exceeding one year . . . ." United States v. Walker, 771 F.3d 449, 451 (8th Cir. 2014) (quoting U.S.S.G. § 2K2.1(b)(6)(B) & cmt. n.14(c)).

Esquibel concedes that the four-level enhancement properly applies solely because his possession of a firearm was "in connection with" an Iowa carrying weapons offense under Walker, but he argues that the court erred in finding that his possession of a firearm was also "in connection with" his possession of methamphetamine. This error, he says, directly affected his sentence because the district court stated that if the carrying weapons offense "was the only felony at issue, I typically make a three-level downward adjustment by way of a variance because I find the four-level increase . . . is too harsh in many cases." Although the court did not legally err in applying the enhancement due to Esquibel's Iowa carrying weapons offense, we may review the argument that an erroneous factual finding affected a sentence. See United States v. Adkins, 557 F. App'x 637, 638 (8th Cir. 2014).

"[A] firearm is possessed 'in connection with' a drug possession felony if it 'facilitated, or had the potential of facilitating' that other felony." United States v. Holm, 745 F.3d 938, 940 (8th Cir. 2014) (quoting U.S.S.G. § 2K2.1 cmt. n.14(A)). Esquibel contends that the district court applied the enhancement based on a temporal and spatial nexus between the drugs and firearm without applying the "facilitate" standard found in note 14(A) of § 2K2.1. The district court did not make an explicit "facilitate" finding, but it "is not required to do so." United States v. Fuentes Torres, 529 F.3d 825, 827 (8th Cir. 2008); see also United States v. Sneed, 742 F.3d 341, 344 (8th Cir. 2014) ("Although we again strongly encourage district courts to make clear they are applying the proper § 2K2.1(b)(6)(B) standard with an explicit 'facilitate' finding, there was no error of law"). Esquibel was arrested with 4.79 grams of

methamphetamine, an amount greater than residue. See United States v. Gentry, 555 F.3d 659, 668 (8th Cir. 2009). If the district court finds that a firearm is "in connection with" a drug possession felony "it will rarely be clearly erroneous." Fuentes Torres, 529 F.3d at 827; see also United States v. Swanson, 610 F.3d 1005, 1008 (8th Cir. 2010) ("The inference that a firearm is for protection of drugs is allowable when the amount of drugs is more than residue"). The record shows that the district court was familiar with the law and gives no indication that it did not understand the facilitate standard. Its finding that the firearm was in connection to drug possession was warranted, and so, the court did not clearly err.

III.

Esquibel next argues that the court erred in applying the two-level enhancement for "recklessly creat[ing] a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Esquibel claims that he did not create an actual risk of bodily injury or death when he fled or, alternatively, that the risk was not substantial and that he was not reckless because he did not try to gain control of an officer's firearm.

When he fled, Esquibel ran directly at an armed officer and grabbed the barrel of his rifle. In attempting to escape arrest, he caused another officer's rifle to fall on the ground unsecured, and he discarded his own firearm as he fled, creating the risk that one of the guns could accidentally discharge. United States v. Davidson, 933 F.3d 912, 914–15 (8th Cir. 2019). The district court did not clearly err in finding that Esquibel created a substantial risk of serious bodily injury or death while fleeing. Nor was it error for the court to find that Esquibel was reckless in doing so. See U.S.S.G. § 2A1.4 cmt. n.1 (defining "reckless" as to be "aware of the risk created by his conduct and . . . to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation"). Esquibel's conduct deviated from the standard of care a reasonable person would exercise in this situation,

-4-

which is peaceful surrender, <u>Davidson</u>, 933 F.3d at 915, so there was no clear error in applying the two-level enhancement for reckless endangerment during flight.[2]

IV.

Finally, Esquibel argues that his prior Iowa controlled substance conviction does not qualify as an enhancing predicate under U.S.S.G. § 4B1.2(b) because Iowa's aiding and abetting doctrine is categorically overbroad. As he acknowledges, we rejected this argument in <u>United States v. Boleyn</u>, 929 F.3d 932, 940 (8th Cir. 2019) ("[T]he Iowa law of aiding and abetting liability is substantially equivalent to, not meaningfully broader than, the standard adopted by federal courts . . . ."). We are bound by an earlier panel opinion of this court. <u>United States v. Wilson</u>, 315 F.3d 982, 973–74 (8th Cir. 2003). The district court did not err in finding Esquibel's prior Iowa controlled substance conviction was an enhancing predicate.

Esquibel's sentence is affirmed.

———————————————

---

[2]Esquibel suggests that the enhancement does not apply because he was on foot, but the enhancement applies to foot chases. <u>Davidson</u>, 933 F.3d at 914.