# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3656
_____

United States of America

*Plaintiff - Appellee*

v.

Phillip Edward White

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City
_____

Submitted: June 15, 2020
Filed: September 11, 2020
[Unpublished]
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Phillip Edward White pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a), and one count of Hobbs Act robbery, in violation of 18 U.S.C. §§ 2 and 1951. In calculating the offense level for the bank robbery, the

district court[1] applied a two-level upward adjustment for White's role in the offense and a two-level upward adjustment for reckless endangerment during flight. White appeals, challenging both enhancements.

## I.

On December 12, 2018, White contacted Karen Merrick, asking her for a ride. Merrick borrowed a U-Haul truck and picked him up. White took over driving, with Merrick in the passenger seat. White told Merrick he was "going to do something stupid," and he took the exit toward Le Mars, Iowa. In Le Mars, White found the Iowa State Bank and circled the block several times, "casing the bank." He then parked the U-Haul, got out, and robbed the bank. After the robbery, White ran back across the street to the U-Haul, got in on the passenger side, and told Merrick to drive away. Merrick admitted that "she knew White was going to rob the bank and that she knew he had robbed the bank before she drove away."

Responding to the bank's alarm, law enforcement pursued the U-Haul truck for approximately twenty miles, reaching speeds upwards of 76 miles per hour. Merrick drove through a four-way stop and across stop sticks officers had deployed along the route. After the stop sticks deflated the U-Haul's tires, White told Merrick to continue driving, telling her, "You're doing fine. Keep driving." Merrick drove the truck for a few more miles until she lost control and they went into a ditch.

White pleaded guilty without a plea agreement; and Merrick, pursuant to a written plea agreement, pleaded guilty to accessory after the fact. At White's sentencing, the district court overruled his objections to the calculation of his

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

Guidelines range, varied upward, and sentenced him to 144 months' imprisonment on each count, to be served concurrently.

## II.

### A.

White first argues that the district court erred in applying the two-level upward adjustment for his role in the offense because he "did not exercise control over Merrick." White does not contest that he is the one who planned the robbery or that Merrick told law enforcement that she was afraid of him. Instead, he argues the upward adjustment was unwarranted because "Merrick knew what [White] was doing and voluntarily participated in the offense."

The district court increased White's offense level by two levels pursuant to United States Sentencing Guidelines § 3B1.1(c) because it found he was "an organizer, leader, manager, or supervisor" in the Le Mars bank robbery. USSG § 3B1.1(c). In determining whether to apply this adjustment, courts consider factors such as "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices . . . , the degree of participation in planning or organizing the offense . . . , and the degree of control and authority exercised over others." Id. at § 3B1.1, cmt. (n.4). We review the district court's factual findings for clear error. United States v. Keleta, 949 F.3d 1082, 1093 (8th Cir. 2020).

White concedes he planned the Le Mars robbery and that it was his decision to use the U-Haul truck to carry it out. He also acknowledges that he robbed the bank while Merrick stayed behind and that he told her to get in the driver's seat and drive the U-Haul truck away from the bank after he robbed it. White's sole argument is that Merrick knew about the plan and participated in it. But those facts do not negate White's supervisory role in the robbery. Based on the record, we find no clear error.

-3-

B.

Next, White contends the district court erred in applying a two-level upward adjustment for reckless endangerment during flight pursuant to USSG § 3C1.2. White does not challenge the district court's finding that the "chase" involving law enforcement and the U-Haul created a substantial risk of death or serious bodily injury to another person. See USSG § 3C1.2 ("If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."). Instead, he argues that the adjustment was improper because it was Merrick who drove the U-Haul during the flight from law enforcement, while he was just a passenger. We review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Moore, 242 F.3d 1080, 1081 (8th Cir. 2001).

Under § 3C1.2, "the defendant is accountable for the defendant's own conduct and for conduct that the defendant aided or abetted, counsel, commanded, induced, procured, or willfully caused." USSG § 3C1.2, cmt. (n.5). We have said that "in cases where the defendant was merely a passenger in a fleeing vehicle, the record must show some form of direct or active participation by the defendant in the dangerous flight." United States v. Reggs, 909 F.3d 911, 913 (8th Cir. 2018) (cleaned up). The record supports such a finding here. White actively participated by directing Merrick to keep driving, even after the stop sticks were deployed and all the tires were deflated. As the district court found, "certainly a vehicle trying to flee with all of its tires deflated does pose a risk that it's very difficult to control." This is enough to show that White "was responsible for or brought about the driver's conduct in some way" for the adjustment to apply. See id. at 914 (cleaned up).

**III.**

We affirm the judgment of the district court.

_____