**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4482**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

JUSTIN HALE,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:18-cr-00018-JPJ-PMS-1)

Submitted:  October 27, 2020                Decided:  November 18, 2020

Before KEENAN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David L. Scyphers, SCYPHERS & AUSTIN, PC, Abingdon, Virginia, for Appellant. Thomas T. Cullen, United States Attorney, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Hale pled guilty to conspiracy to manufacture, distribute, and possess with the intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), 851, and possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 851. On appeal, Hale challenges the district court's application of a two-level enhancement for reckless endangerment during flight and argues that the court abused its discretion in denying his motion for a downward departure or variance sentence and in failing to adequately explain the reasons for its denial. He also assigns error to the court's refusal to depart based on a categorical disagreement with the Sentencing Guidelines. Finding no error, we affirm.

We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In doing so, we examine the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015) (quoting *Gall*, 552 U.S. at 51). If the sentence is free of "significant procedural error," we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

First, Hale argues that the district court improperly applied a sentencing enhancement for reckless endangerment during flight. Hale alleged that he did not attempt to escape or resist arrest, and even if he attempted to flee, mere flight is insufficient to trigger an enhancement under U. S. Sentencing Guidelines Manual § 3C1.2 (2018). He also argued that the enhancement was improper because the injury suffered by an arresting officer was not the direct consequence of his actions.

We review the application of a reckless endangerment enhancement for clear error. *United States v. Carter*, 601 F.3d 252, 254 (4th Cir. 2010). A reckless endangerment enhancement applies "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." USSG § 3C1.2. This enhancement is "construed broadly and includes preparation for flight," as well as "conduct [that] occurs in the course of resisting arrest." USSG § 3C1.2. cmt. n.3.

We conclude that the record amply supports the enhancement. Hale refused to comply with the officers' commands and attempted to escape by ramming his vehicle into the patrol vehicles behind and in front of him. Moreover, Hale's conduct supports the finding that he resisted arrest and his repeated noncompliance and reckless driving created a substantial risk of harm to the arresting officers. The fact that an arresting officer was injured while assisting in Hale's arrest and extraction further supports that the enhancement was properly applied. *See United States v. Davidson*, 933 F.3d 912, 914–15 (8th Cir. 2019) (concluding that the defendant created a risk of harm to police officers when he fled on foot and jumped a six-foot fence, requiring officers to "scale[] the barrier after him.").

3

We next turn to Hale's contention that the district court abused its discretion when it refused to grant a downward departure or variance sentence. A district court's decision not to depart from the Sentencing Guidelines is not reviewable unless the court mistakenly believed that it lacked authority to do so. *United States v. Brewer*, 520 F.3d 367, 371 (4th Cir. 2008). The district court expressly acknowledged its authority to depart but declined to do so. Because the record does not suggest that the district court mistakenly thought that it lacked authority to grant a downward departure, whether based on the Sentencing Guidelines or on a policy disagreement with it, its refusal to depart is not subject to appellate review.

Hale also contends that the district court failed to adequately explain its reasons for denying his motion for a downward departure or variance. Because Hale properly preserved this issue by arguing for a sentence different than that which was imposed, we review this issue for abuse of discretion. *United States v. Lynn*, 592 F.3d 572, 576, 581 (4th Cir. 2010). If we find such abuse, we must reverse "unless we can conclude that the error was harmless." *Id.* at 581. The Government bears the burden of showing "that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. *United States v. Carter*, 564 F.3d 325, 328, 330 (4th Cir. 2009). The court "must address or consider all non-

4

frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir.), *cert. denied*, 140 S. Ct. 206 (2019). "The adequacy of the sentencing court's explanation depends on the complexity of each case," *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017), and while it does not need to "be extensive . . . the record must make clear that the judge actually listened to, considered, and rendered a decision on these arguments such that [we] can conduct a meaningful review of the sentence imposed." *United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018). An insufficient explanation of the sentence imposed constitutes significant procedural error by the district court. *Lynn*, 592 F.3d at 576.

Here, the court did not explain, at the time of its ruling, its reasons for denying Hale's motion to depart, but instead, summarily declined to exercise its discretion. Based on our review of the sentencing transcript, we question the adequacy of the district court's explanation. We conclude, however, that the Government has satisfied its burden of showing that any error was harmless. Our review confirms that Hale's arguments, while not directly discussed when imposing the term of imprisonment, were considered and in most cases directly commented upon during argument on the sentence. Hale's arguments were not particularly compelling to the court when juxtaposed with the seriousness of his offense, his criminal history, repeated relapses into drug abuse, and criminal conduct. We are thus persuaded that, in this case, any shortcoming in the court's explanation for the sentence it selected is harmless and that remand is not warranted.

Lastly, Hale assigns error to the district court's refusal to categorically reject the purity-driven methamphetamine Sentencing Guidelines. By way of the reference, in

5

imposing sentences for crack cocaine offenses, "district courts are entitled to reject and vary categorically from . . . [the] Guidelines based on a policy disagreement with those Guidelines." *Spears v. United States*, 555 U.S. 261, 265–66 (2009); *see United States v. Herder*, 594 F.3d 352, 362-63 (4th Cir. 2010).

In this case, while the court did not mention the disparities between the high and low-purity methamphetamine Guidelines, the record demonstrates that the court understood its discretion to depart downward based on the Guidelines or to impose a variant sentence, and after carefully weighing the § 3553(a) factors, decided to impose a within-Guidelines sentence. Moreover, the court was not required to vary based on a policy disagreement with the Guidelines. *See United States v. Munjak*, 669 F.3d 906, 907 (8th Cir. 2012) (noting that the district court did not err in refusing to deviate from the Guidelines based on a policy disagreement because, although the court may categorically disagree, it is not required to do so).

We conclude that the district court correctly calculated Hale's Guidelines range, afforded the parties an opportunity to argue for an appropriate sentence, and considered the 18 U.S.C. § 3553(a) factors in arriving at a presumptively reasonable sentence. Nothing in the record rebuts the presumption of reasonableness accorded to Hale's within-Guidelines sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6