# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-3333

———————————————

United States of America

*Plaintiff - Appellee*

v.

Michael Gorman

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: May 9, 2022
Filed: July 28, 2022
[Unpublished]

——————————

Before STRAS, MELLOY, and KOBES, Circuit Judges.

——————————

PER CURIAM.

St. Louis police officers tried to stop a 2018 Ford Explorer that was wanted in connection with a recent shooting. Officers deployed spike strips, but the car continued to accelerate, using an oncoming traffic lane to pass other cars. Eventually, the Explorer pulled over and Michael Gorman, the driver, fled on foot. While running from officers, Gorman threw a semi-automatic rifle into some bushes.

When officers eventually caught up to him, Gorman refused to comply with orders, and one of the officers used a taser to subdue him.

Gorman pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). The district court[1] applied two enhancements to his sentence: (1) a two-level enhancement for committing a crime with a stolen firearm, U.S.S.G. § 2K2.1(b)(4)(A); and (2) a two-level enhancement for recklessly causing a substantial risk of death or serious bodily injury to another person while fleeing from law enforcement, U.S.S.G. § 3C1.2. After applying those enhancements, the district court imposed a 96-month prison sentence. Gorman appeals, arguing that there was insufficient evidence for either enhancement.

We review the district court's Guidelines interpretation and application of enhancements *de novo*, but the factual findings underlying those enhancements for clear error. United States v. Finck, 407 F.3d 908, 913 (8th Cir. 2005). The "[a]pplication of sentencing enhancements must be supported by a preponderance of the evidence, and the government has the burden to prove the factual basis for an enhancement." United States v. Mitchell, 825 F.3d 422, 425 (8th Cir. 2016) (per curiam).

Gorman first argues that there was insufficient evidence to apply § 2K2.1(b)(4)(A) for committing a crime with a stolen firearm. But the record undermines that argument. During a post-arrest interview with police, Gorman told officers that he had obtained his rifle "on the street" from a "kid" who had "broke[n] in[to] a house." When asked by a detective to confirm that "that gun [wa]s stolen from a house," Gorman responded, "that's where the kid said he got it from." Under our precedent, that is enough for a court to apply § 2K2.1(b)(4). See United States v. Bates, 584 F.3d 1105, 1109–10 (8th Cir. 2009) (upholding enhancement under

---

[1]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri.

§ 2K2.1(b)(4) where defendant possessed gun that someone lost in the bathroom, despite that person never admitting that the gun was "stolen").[2]

We next consider whether there was sufficient evidence to find that his flight created a substantial risk of death or bodily injury under § 3C1.2. The record establishes that: Gorman fled from police both on foot and via car; officers had to use spike strips to stop his car; Gorman continued to accelerate despite his tires being popped; Gorman threw his gun into a bush while fleeing; and officers had to use a taser to arrest Gorman. That is more than enough to support the application of § 3C1.2. See, e.g., United States v. Davidson, 933 F.3d 912, 914–15 (8th Cir. 2019) (applying § 3C1.2 where defendant fled on foot, discarded a handgun, scaled a fence, and struggled when officers attempted to arrest him); United States v. Sykes, 4 F.3d 697, 700 (8th Cir. 1993) (per curiam) (applying § 3C1.2 when suspect fled in car, requiring officers to force him off the road).

The judgment of the district court is affirmed.

_____

----

[2]Gorman's invocation of United States v. Abumayyaleh, 530 F.3d 641 (8th Cir. 2008), is unpersuasive. There, we held that applying § 2K2.1(b)(4) was inappropriate where a defendant bought guns from undercover officers under the mistaken belief that they were stolen. Id. at 650. We noted that because "the two-level sentencing enhancement applies only if the firearm '*was* stolen,'" the guideline was inapplicable. Id. at 650 (quoting § 2K2.1(b)(4)). That's a far cry from Gorman's case, where there is simply an evidentiary dispute over whether the gun was stolen.