# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1009
_____

United States of America

*Plaintiff - Appellee*

v.

Diew Choul Deng, also known as Diew Deng

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: September 19, 2023
Filed: October 4, 2023
[Unpublished]
_____

Before LOKEN, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Law enforcement officers identified the vehicle in which Diew Choul Deng was traveling on January 22, 2022, by tracking his cell phone location. The vehicle traveled west on Interstate 80 and exited toward downtown Lincoln, Nebraska. State troopers initiated a traffic stop after an occupant threw a lit cigarette out of the vehicle's window. The vehicle pulled over for a moment and then fled quickly

through downtown Lincoln. Officers in a surveillance aircraft observed a handgun being thrown from the vehicle as it sped through a residential area. The vehicle thereafter crashed into a pole, and the four occupants fled on foot. Officers apprehended Deng and three others and recovered a loaded FN Herstal Five-SeveN pistol, which a straw buyer had purchased for Deng on January 12, 2022.

Deng pleaded guilty to two counts of being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). One count related to his possession of the FN Herstal pistol. At sentencing, the district court[1] found that Deng had thrown "a loaded handgun with one round chambered out of the vehicle window as it [was] fleeing through a residential neighborhood at approximately 11 p.m. at night." The district court thus increased Deng's offense level under § 3C1.2 of the U.S. Sentencing Guidelines, which provides for a two-level increase "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The district court sentenced Deng to 96 months of imprisonment.

We reject Deng's argument that the record does not support a finding that he threw the firearm from the vehicle. Deng pleaded guilty to possessing the FN Herstal pistol from January 12 to January 22. As part of the factual basis for his guilty plea, Deng specifically admitted that he possessed the FN Herstal pistol on January 22 and that the pistol was recovered after being thrown from a vehicle during a high speed chase. The presentence report addressed the above-set-forth, as well as the following facts: Deng selected the FN Herstal pistol and provided cash for its January 12 purchase; the FN Herstal pistol was thrown from the vehicle during the January 22 flight from officers; and officers later recovered from Deng's bedroom a pistol box,

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

ammunition, and purchase receipts related to the FN Herstal pistol. Moreover, the government submitted the recording from the surveillance aircraft involved in Deng's January 22 arrest. Based on this record, the district court rejected Deng's argument that he was a mere passenger in a fleeing vehicle, see United States v. Reggs, 909 F.3d 911, 913 (8th Cir. 2018), and instead found that he was the person who had thrown the firearm from the vehicle. Because that finding is not clearly erroneous, we conclude that the district court properly applied the two-level increase under Guidelines § 3C1.2. See United States v. Esquibel, 964 F.3d 789, 792 (8th Cir. 2020) (per curiam) (applying § 3C1.2 increase when defendant grabbed the barrel of one officer's rifle, knocked another officer's rifle to the ground, and "discarded his own firearm as he fled, creating the risk that one of the guns could accidentally discharge"); United States v. Davidson, 933 F.3d 912, 914–15 (8th Cir. 2019) (applying § 3C1.2 increase when, among other things, the defendant discarded his firearm during a foot chase "creat[ing] the possibility of the weapon accidently discharging").

We have considered and now deny the supplemental motion that defense counsel filed under Anders v. California, 386 U.S. 738 (1967), which seeks to have Deng's convictions vacated as unconstitutionally imposed. The judgment is affirmed.

_____