# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3729

_____

United States of America

*Plaintiff - Appellee*

v.

Keonte Akiwa Larel Martin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 21, 2024
Filed: December 31, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.

_____

PER CURIAM.

Keonte Akiwa Larel Martin pleaded guilty to being a felon in possession of a machine gun. *See* 18 U.S.C. § 922(o). The district court[1] sentenced him to 60 months' imprisonment. Martin appeals, arguing that the district court procedurally

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Judge for the Northern District of Iowa.

erred by increasing his offense level under U.S.S.G. § 3C1.2, which provides a two-level enhancement for reckless endangerment while fleeing from an officer. We affirm.

On July 5, 2022, law enforcement attempted to stop Martin's vehicle in Coralville, Iowa. When the officer activated his emergency lights, Martin fled in his vehicle, reaching speeds of seventy-five miles per hour in a forty miles per hour zone. He eventually abandoned his vehicle near an apartment complex and fled on foot, dropping a loaded firearm later recovered by officers. When Martin was seized, he smelled of alcohol and marijuana—officers found both marijuana and an open bottle of liquor in his vehicle.

Months later, on January 3, 2023, law enforcement pulled over a vehicle on Interstate 80 at night—this time, Martin was a passenger. After Martin proved noncompliant, an officer handcuffed him and searched his backpack, where the officer found 111 grams of marijuana, a large sum of cash, and a device that converts a semiautomatic pistol into a machinegun. As the officer placed the contraband on the hood of the vehicle, Martin fled on foot across the highway. He then fought officers before they eventually apprehended him in the highway median, and he continued struggling when they attempted to secure him in the patrol car. During the altercation, Martin struck one officer in the face with his knee, and another officer suffered cuts and scrapes which drew blood.

At sentencing, the district court determined that Martin's conduct on both occasions merited the two-level enhancement for reckless endangerment during flight.

"We review for clear error a district court's findings with respect to reckless endangerment during flight," *United States v. Williams*, 30 F.4th 796, 799 (8th Cir. 2022), and its application of the sentencing guidelines *de novo*. *United States v. Nyah*, 35 F.4th 1100, 1109 (8th Cir. 2022). Section 3C1.2 of the sentencing guidelines provides for a two-level increase when "the defendant recklessly created

a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The guidelines define "reckless" as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. §§ 2A1.4 cmt. n.1, 3C1.2 cmt. n.2.

We see no clear error in either of the district court's findings. The record establishes that during the July 2022 incident, Martin fled from police both on foot and via car; Martin reached speeds of seventy-five miles per hour in a forty miles per hour speed zone; and Martin discarded his gun while fleeing, creating the possibility of the weapon accidentally discharging. That is more than enough to support the application of § 3C1.2. *See, e.g., United States v. Davidson*, 933 F.3d 912, 914-15 (8th Cir. 2019) (applying § 3C1.2 where defendant fled on foot, discarded a firearm, scaled a fence, and struggled when officers attempted to arrest him); *United States v. Sykes*, 4 F.3d 697, 700 (8th Cir. 1993) (per curiam) (applying § 3C1.2 when suspect fled in car, requiring officers to force him off the road).

As to the January 2023 incident, the undisputed facts show Martin fled across three interstate lanes at night, then fought with officers in the median and on the side of the road as they attempted to place him in a patrol car. Even once officers had seized Martin in the median, it took them more than eight minutes to secure him in the vehicle and shut the door due to his continued noncompliance. During the entirety of Martin's resistance to his arrest, dashcam and bodycam video shows traffic traveling at high speeds—one officer attempting to assist had to pause to allow a semi-truck and pickup truck to pass. By struggling with the arresting officers next to moving lanes of traffic, Martin exacerbated the inherent danger officers face whenever they pull somebody over next to a highly-trafficked road. *See Davidson*, 933 F.3d at 914 (struggling against officers created a substantial risk of serious bodily injury beyond the minor injuries that actually resulted); *see also United States v. Reyes-Oseguera*, 106 F.3d 1481, 1483-84 (9th Cir. 1997) (finding that defendant's flight on foot across three lanes of traffic on busy thoroughfare supported application

of a § 3C1.2 sentencing enhancement).  So, the court did not clearly err in finding that Martin was aware of the risks created by his conduct, and that he grossly deviated from the standard of care that a reasonable person would exercise in that situation—i.e., peaceful surrender.  *See* U.S.S.G. §§ 2A1.4 cmt. n.1, 3C1.2 cmt. n.2. We therefore conclude that the district court did not commit procedural error in calculating Martin's sentencing guideline range.

We affirm.

_____