# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-1533
_____

United States of America

*Plaintiff - Appellee*

v.

Camron Jordan Henry

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: January 17, 2025
Filed: March 25, 2025
_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.
_____

BENTON, Circuit Judge.

Camron Jordan Henry pled guilty to unlawfully possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The district court sentenced him to 46 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Henry challenges the application of a sentencing enhancement for "reckless endangerment during flight" under U.S.S.G. § 3C1.2. The enhancement applies if "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." **U.S.S.G. § 3C1.2**. This court reviews "for clear error a district court's findings with respect to reckless endangerment during flight." *United States v. Silva*, 630 F.3d 754, 756 (8th Cir. 2011).

Henry argues the enhancement does not apply: "Armed flight, without more, is insufficient to warrant a reckless-endangerment enhancement." The government argues that carrying "a loaded gun, with a chambered round, in a pocket, presents a substantial risk of accidental discharge that endangers anyone in the vicinity."

This is a close case, particularly since the district court did not issue an order or thoroughly develop the record about the enhancement. The court said: "You know, when you run from police with a gun on you, especially—my recollection is that there was a crowd of people around when he first took off, I think the enhancement is appropriately applied."

This court has not decided whether possessing a firearm during flight is *alone* sufficient to support the § 3C1.2 enhancement. Other circuits have held it is not. *See United States v. Zamora*, 97 F.4th 1202, 1210–13 (10th Cir. 2024) (discussing the cases). Rather, these circuits have required "something more" (e.g., the gun was loaded or cocked) to support the enhancement. *See United States v. Brown*, 31 F.4th 39, 47–49 (1st Cir. 2022) (affirming application of § 3C1.2 because the evidence showed that a loaded firearm fell from the defendant's pocket while he struggled with an officer); *United States v. Matchett*, 802 F.3d 1185, 1197–98 (11th Cir. 2015) (affirming application of § 3C1.2 because armed flight "alone is insufficient" but evidence showed defendant possessed a loaded firearm in his pocket that "could have accidentally discharged" when falling from defendant's pocket). *See also United States v. Mukes*, 980 F.3d 526, 538 (6th Cir. 2020) (reversing application of § 3C1.2 when defendant dropped a loaded firearm during flight because evidence

did not show the firearm was "actually cocked" or otherwise "capable of discharging in its condition").

The Tenth Circuit's decision in *United States v. Zamora* is particularly instructive. There, the court held that while "mere possession of a firearm during flight is insufficient to support" the enhancement, carrying a loaded firearm, with a chambered round, unholstered is sufficient. ***Zamora***, 97 F.4th at 1210–13. In that case, two firearms agents testified that "a Glock loaded with a bullet in the chamber can discharge accidentally even if the trigger is not pressed intentionally." ***Id***. at 1211. They also testified about the danger of carrying a gun unholstered because the "trigger is not protected." ***Id***. Because of these dangers, the *Zamora* court held the enhancement warranted. ***Id***. at 1212.

Like Zamora, Henry fled police carrying in his pocket a gun loaded with a chambered round. The record establishes that the gun "was loaded and ready to fire such that accidental or intentional discharge was a factual possibility." ***Id***. Because the loaded, chambered, unholstered gun created "the possibility of the weapon accidentally discharging," the court did not clearly err in applying the enhancement. ***See United States v. Davidson***, 933 F.3d 912, 914–15 (8th Cir. 2019) (affirming application of § 3C1.2 because the defendant discarded the firearm during the chase, thereby creating the possibility that it would accidentally discharge).

This conclusion is bolstered by the presence of bystanders during Henry's flight. The presentence investigation report said there were about 50 cars and over 200 people in the parking area when officers first arrived on the scene. The district court inferred there was still a crowd at the time Henry fled. Henry did not object to this inference. The presence of at least some, if not many, bystanders supports applying the enhancement. ***See United States v. Cutler***, 87 F.4th 893, 895 (8th Cir. 2023) (this court can affirm on any ground supported by the record).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____